The STATE of Ohio, Appellee,

v.

VIRASAYACHACK, Appellant.

[Cite as *State v. Virasayachack* (2000), 138 Ohio App.3d 570.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76782.

Decided Aug. 21, 2000.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Darcy Moulin,* Assistant Prosecuting Attorney, for appellee.

*Bruner & Jordan, Harvey Bruner* and *Bret Jordan,* for appellant.

Rocco, Judge.

This case is before the court on appeal from a decision of the common pleas court to terminate community control sanctions previously imposed on appellant and to sentence him to a term of imprisonment. Appellant argues:

"I. The trial court erred to the prejudice of appellant by its failure to provide notice or state a term of prison should defendant violate the conditions of community control sanctions at the original sentencing pursuant to O.R.C. S2929.19 and in violation of appellant's equal rights protections under the United States and Ohio Constitutions.

"II. The trial court erred in sentencing defendant to eleven months in prison, and issuing a $2000.00 fine as a result of a violation of community control sanctions.

"III. The trial court abused its discretion when it elected to impose a prison term on appellant pursuant TO S2929.15.

"IV. The trial court erred when it sentenced defendant to eleven months' imprisonment because the trial court did not find on the record that the shortest prison term available would demean the seriousness of the offender's conduct or fail to protect society from future misconduct of the offender pursuant to S2929.14(B).

"V. The trial court's sentence of appellant was an abuse of discretion."

We find that the trial court did not have the discretion to sentence appellant to prison for violation of his community control sanctions because the court never informed appellant of the potential prison term that could be imposed for such a violation. Therefore, we vacate the judgment entered on August 6, 1999 and remand for resentencing.

## PROCEDURAL HISTORY

On July 10, 1998, appellant was convicted of vandalism in violation of R.C. 2909.05 and was sentenced as follows:

"THE COURT FINDS THAT A COMMUNITY CONTROL SANCTION WILL ADEQUATELY PROTECT THE PUBLIC AND WILL NOT DEMEAN THE SERIOUSNESS OF THE OFFENSE. IT IS THEREFORE ORDERED THAT THE DEFENDANT IS SENTENCED TO 1 YEAR OF COMMUNITY CONTROL, UNDER THE SUPERVISION OF THE ADULT PROBATION DEPARTMENT.

"DEFENDANT TO MAINTAIN VERIFIABLE EMPLOYMENT; RANDOM URINALYSIS; ONCE RESTITUTION IS PAID IN FULL DEFENDANT'S PROBATION WILL BE TERMINATED.

"VIOLATION OF THE TERMS AND CONDITIONS MAY RESULT IN MORE RESTRICTIVE SANCTIONS, A PRISON TERM EXTENSIONS [*sic*], AS PROVIDED BY LAW.

"THE DEFENDANT IS ORDERED TO REPORT TO THE PROBATION DEPARTMENT, PAY RESTITUTION IN THE AMOUNT OF $330.00 TO CUYAHOGA COUNTY ENGINEERS OFFICE; PAY COURT COSTS AND STANDARD PROBATION FEE."

A capias was issued for the appellant on December 22, 1998. At a hearing held August 3, 1999, the trial court reported that the capias was issued because appellant had failed to report to the probation department since September 8, 1998. Appellant explained that he did not report to the probation department because he was attending college in San Francisco. He stated he was willing and able to pay restitution and the probation fee. In a judgment entered August 6, 1999, the court sentenced appellant to eleven months' imprisonment at Lorain Correctional Institution and a $2,000 fine. Appellant moved the court to reconsider this sentence, but the court overruled appellant's motion. This court granted appellant's motion for a stay of execution of his sentence pending appeal.

## LAW AND ANALYSIS

■ Appellant first argues that the trial court erred at the original sentencing hearing by failing to indicate the specific prison term that could be imposed for the violation of community control sanctions, as required by R.C. 2929.19(B)(5). Appellant did not timely appeal his original conviction and sentence, which was imposed more than one year before he filed his notice of appeal. Appellant also did not seek leave to file a delayed appeal. See App.R. 5. Therefore, we lack jurisdiction to address this issue.

■ The second assignment of error asserts that the trial court erred by imposing a prison term on appellant because the court did not inform him at the original sentencing hearing of the specific prison term which could be imposed if he violated his community control sanctions. Appellant does not deny that he violated the terms of his community control sanctions. Under R.C. 2929.15(B):

"If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more

restrictive sanction under section 2929.16, 2929.17 or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. *The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19 [sic] of the Revised Code."* (Emphasis added.)

The legislature's reference to R.C. 2929.19(B)(3) is perplexing. That subsection describes the notices to be provided to an offender at the time of sentencing "if the sentencing court determines at the sentencing hearing that a prison term is necessary or required." By definition, an offender who is sentenced to community control sanctions will not be given any of the notices the court is required to provide under R.C. 2929.19(B)(3).

 Ordinarily, we must presume the legislature means what it says; we cannot amend statutes to provide what we consider a more logical result. However, when the terms of the statute, as written, would never be applicable, and the simple substitution of one character would result in a term that would always be applicable, we must conclude that the statute contains an obviously typographical error, and we may correct the error and give effect to the obvious intent of the statute. *Brim v. Rice* (1969), 20 Ohio App.2d 293, 49 O.O.2d 76, 253 N.E.2d 820.

 We do not lightly undertake to "correct" the express language of the legislature. We will only do so if the error is obvious and the correct result is also obvious. In this rare case, we find both such conditions. Therefore, we take the extraordinary step of correcting R.C. 2929.15(B) to refer to R.C. 2929.19(B)(5), rather than R.C. 2929.19(B)(3). We note that other appellate courts have reached this result sub silentio. See, e.g., *State v. Miller* (Dec. 30, 1999), Tuscarawas App. No.1999 AP 02 0010, unreported, 2000 WL 94448; *State v. Carter* (Dec. 10, 1999), 136 Ohio App.3d 367, 736 N.E.2d 915.

The sentencing court informed appellant that a prison term could be imposed upon him if he violated community control sanctions. However, the court did not notify appellant of any specific prison term that could be imposed. Nor does the record show that appellant was ever informed of the potential prison terms applicable to this offense. Cf. *State v. Miller* (Dec. 30, 1999), Tuscarawas App. No.1999 AP 02 0010, unreported. Under these circumstances, we find the court had no discretion under R.C. 2929.15(B) to sentence appellant to prison following a violation of the terms of his community control sanctions. A prison term imposed after a violation of community control sanctions "shall not exceed the

prison term specified in the notice provided to the offender at the sentencing hearing." If no prison term was specified at the original sentencing, it follows that no prison term may be imposed.

Accordingly, we sustain the second assignment of error. This conclusion renders moot the remaining three assignments of error. We vacate the judgment entered on August 6, 1999 and remand for resentencing.

*Judgment accordingly.*

DYKE, A.J., and PORTER, J., concur.