The STATE of Ohio, Appellee,

v.

CURTIS, Appellant.

[Cite as *State v. Curtis* (2001), 143 Ohio App.3d 314.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–000383.

Decided Feb. 9, 2001.

*Michael K. Allen,* Hamilton County Prosecuting Attorney, and *Judith Anton Lapp,* Assistant Prosecuting Attorney, for appellee.

*Cathy R. Cook,* for appellant.

GORMAN, Presiding Judge.

Defendant-appellant Jaya Curtis challenges the imposition of a twelve-month sentence for her violation of community control after the sentencing court had originally imposed an eleven-month prison term. The sentencing court had imposed the eleven-month prison term on August 5, 1999, following Curtis's no-contest plea to possession of cocaine. This sentence amounted to a residential sanction under R.C. 2929.16(A)(1), as Curtis was to serve the "first six months" locally. On November 1, 1999, upon Curtis's motion, the court mitigated the residential sanction, placing Curtis on community control for three years under a nonresidential sanction.

Community control under R.C. 2929.15(A)(1) differs from former sentencing procedures in that the trial court no longer suspends execution of the prison term or the balance of the prison term as a part of granting probation. Now, under Am.Sub.S.B. No. 2, the sentencing court orders the offender directly to submit to community-control sanctions instead of imposing a prison term. But at the sentencing hearing, the court must warn the offender, under R.C. 2929.19(A)(5), that he or she may be imprisoned for a specific prison term that is within the range of applicable prison terms for a community-control violation. See R.C. 2929.15(B).

At the sentencing hearing held on August 5, 1999, the sentencing court said, "Do you understand this carries a penalty that ranges anywhere from six to twelve months." Other than informing Curtis of the range of the applicable prison term at the sentencing hearing, the court did not inform Curtis of the available options if she violated community control when it subsequently mitigated the sentence and placed her on community control with a combination of nonresidential sanctions under R.C. 2929.19(B)(5). Those options are a longer term under the same sanction limited to five years, a more restrictive sanction, or a prison term from the range available for the original offense. This issue was not raised by Curtis. In her single assignment of error, she contests only the length of the sentence.

The only way the sentencing court could have retained jurisdiction to modify the sentence was if the eleven-month prison term was part of a community-control sanction. Clearly, judicial release was not available under R.C. 2929.20(B)(1), as Curtis had not entered prison, and modification of a sentence, pursuant to R.C. 2929.51, now relates only to misdemeanors. The General Assembly has also repealed shock probation. See former R.C. 2947.061.

When Curtis violated her community control, the trial court had authority, pursuant to R.C. 2929.19(B)(3), to impose the maximum twelve-month term for a fifth-degree felony, with credit for the local confinement served under the

sanction. The eleven-month prison term initially imposed was not a bar to the maximum term for violation of the sanctions once the sentencing court placed Curtis on community control. R.C. 2929.15(B). Despite the changes enacted by Am.Sub.S.B. No. 2, here, because of the community-control sanction, the sentencing court had discretion as before with a probation violation to impose a longer prison term. See *State v. McMullen* (1983), 6 Ohio St.3d 244, 6 OBR 312, 452 N.E.2d 1292, syllabus. The assignment of error is overruled.

Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WINKLER, J., concurs.

PAINTER, J., dissents.

PAINTER, Judge, dissenting.

The majority claims that the prison sentence must have been part of the community-control sanction. I fail to see that something that walks like a duck, talks like a duck, and acts like a duck can be called a chicken to fit it into a statutory scheme that no longer permits ducks. What we really have here is a throwback to the way things used to be. The only way I can interpret what the trial court did is to regard the eleven-month sentence the court "imposed" as simply a notice to Curtis that she would receive that sentence if she violated community control. Thus, the trial court specifically and properly complied with the notice requirement, but then exceeded the promised sentence by one month. We should delete the month, and the case would then both make sense and comply with the statute.

Defendant-appellant Jaya Curtis pleaded no contest to possession of crack cocaine in violation of R.C. 2925.11(A), a fifth-degree felony.[1] Before Curtis entered her plea, the trial court advised her that a felony of the fifth degree was punishable by, among other things, six to twelve months of imprisonment. Curtis and her attorney also signed a "no contest plea," which restated the possible range of imprisonment, and also stated that the violation of any imposed community-control sanctions could result in "a prison term from the basic range." The trial court "sentenced" Curtis to eleven months of imprisonment with the Department of Correction, but ordered Curtis to serve the first six months of the sentence at a residential facility.

---

1. R.C. 2925.11(C)(4)(a).

Curtis spent three months in the residential facility before the trial court granted a "motion to mitigate." A judgment entry from the hearing on that motion reflects that the court suspended the balance of the original eleven-month sentence of imprisonment. The court instead ordered Curtis to serve three years of community control that included aftercare at the First Step Home. The judgment entry also reflects that the trial court informed Curtis that a violation of her community-control sanctions could result in the imposition of "the maximum sentence possible for that degree of felony." But nothing in the judgment entry specifies the maximum sentence possible for a fifth-degree felony. More important, according to the transcript of the hearing, Curtis received no verbal notification.

Things did not go well for Curtis at the First Step Home. Within six weeks of her arrival, Curtis was sent back to the trial court for failure to participate effectively in the aftercare program. She was given another chance. Two months later, Curtis left the First Step Home on her own, effectively violating the terms of her community-control sanctions. Curtis was eventually found and again brought before the court.

The trial court, with its patience clearly exhausted, found that recidivism was more likely than not, that Curtis was not amenable to community control, and that prison was consistent with sentencing purposes. Reflecting on the term of the sentence, the court determined that a minimum sentence would demean the seriousness of the offense and not adequately protect the public. The court also found, without stating why, that Curtis had committed "the worst form of the offense." A finding that the defendant has committed the worst form of an offense or that the defendant presents the greatest likelihood of recidivism allows a trial court to impose the maximum sentence for the offense.[2] The trial court did just that here, sentencing Curtis to twelve months of imprisonment, with credit for the days she had already served.

Curtis claims that the trial court erred to her prejudice by imposing the maximum term. Curtis presents two arguments in support of her claim: (1) that a maximum sentence was unsupported by the trial court's findings, and (2) that R.C. 2929.15(B) and 2929.19(B)(5) restricted the trial court to, at the most, imposition of the original eleven-month sentence. Because the trial court was restricted in this case by statute to impose no more than an eleven-month sentence, less than the maximum allowable for a felony of the fifth degree, I would not address Curtis's first argument, except to point out that the "worst form of the offense" refers to the underlying offense, not the violation of community control. Obviously, Curtis did not commit one of the worst forms of

---

2. R.C. 2929.14(C).

simple drug possession. Even though the majority does not agree with the resolution of the first issue, I believe we must nevertheless reverse on the "worst form" issue, which interestingly would result in an eleven- rather than twelve-month sentence.

R.C. 2929.19(B)(5) specifies the notice that must be given to a defendant at a sentencing hearing when community-control sanctions are imposed by the court. The emphasis is to ensure that the defendant is fully aware of the possible consequences of violating the terms of the community-control sanctions, violating any law, or leaving the state without permission. One of the possible consequences contemplated by the statute is imposition of a prison term. At the sentencing hearing, the court "shall indicate the specific prison term that may be imposed for the violation, as selected by the court from the range of prison terms for the offense."

While R.C. 2929.19(B)(5) explains the notification requirements for community-control sanctions, R.C. 2929.15(B) authorizes the court to take any action of which the defendant was notified. If the court elects to impose a prison term, it "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19." I pause briefly to note that the quoted statutory passage refers to R.C. 2929.19(B)(3), rather than to R.C. 2929.19(B)(5). We join the growing number of courts that have explicitly, or implicitly, corrected this misprint.[3] It is clear to us that the legislature intended the quoted passage to refer to R.C. 2929.19(B)(5).

There is little doubt that the felony sentencing guidelines, effective in 1996, have been a comprehensive and in many cases confusing change to felony sentencing. And while many courts are still adjusting to the nuances of this change, the sections of the statutes quoted above appear reasonably clear. It is clear, for example, that if a defendant is not forewarned of a specific term of imprisonment selected from the range of applicable terms, although other options are ultimately available to the trial court, the defendant cannot later be sentenced to prison solely for a violation of community-control sanctions.[4]

Occasionally, other appellate courts have been required to determine compliance with the statutory notice requirements from the facts of a particular case. When, for example, a defendant was informed by the court of a range of imprisonment that could be imposed for an offense, and then was told that a violation of community-control sanctions could result in the maximum being

---

**3.** See *State v. Brown* (2000), 136 Ohio App.3d 816, 737 N.E.2d 1057, fn. 1. See, also, *State v. Virasayachack* (2000), 138 Ohio App.3d 570, 741 N.E.2d 943; *State v. Gilliam* (June 10, 1999), Lawrence App. No. 98 CA 30, unreported, 1999 WL 740248.

**4.** See *State v. Virasayachack* (2000), 138 Ohio App.3d 570, 741 N.E.2d 943.

imposed, the Fifth Appellate District held that the defendant had been properly notified.[5] We have previously held that notification that a prison term might be chosen from a specific range and imposed for a violation of community-control sanctions complied with the statute.[6]

A Third Appellate District case has a slightly contrary view. There, a defendant signed a journal entry as he changed his plea to guilty. The journal entry specified the possible range of imprisonment for the felony, and that violation of any imposed community-control sanctions could result in the trial court's imposition of the maximum term of imprisonment. The Third Appellate District held that the defendant was not properly notified under R.C. 2929.19(B)(5).[7] Nor was the same defendant properly notified by a later judgment entry stating that a violation of the imposed community-control sanctions could lead to a prison term, when the length of the term was not specified in the judgment entry.[8] By contrast, a judgment entry notifying a defendant that violation of a community-control sanction could lead to a *specific* prison term was held to satisfy the statute.[9]

In other circumstances, because our terminology changes slowly in response to the new nomenclature of the felony sentencing guidelines, courts seem to agree that what something is labeled is less important than whether the defendant has effectively received notice.[10] So the trial court's imposition of a suspended sentence in conjunction with community-control sanctions has been held to be in substantial compliance with R.C. 2929.19(B)(5).[11] When a trial court suspends a felony sentence in favor of community-control sanctions, the court has substantially complied with R.C. 2929.19(B)(5), and the defendant has received the requisite notice of the specific term of imprisonment that may be imposed for

---

5. See *State v. John* (Apr. 12, 2000), Tuscarawas App. No. 1999AP090057, unreported, 2000 WL 502817. See, also, *State v. Miller* (Dec. 30, 1999), Tuscarawas App. No. 1999AP020010, unreported, 2000 WL 94448.

6. See *State v. Craig* (1998), 130 Ohio App.3d 639, 644, 720 N.E.2d 966, 970.

7. See *State v. Marvin* (1999), 134 Ohio App.3d 63, 68, 730 N.E.2d 401, 404.

8. *Id.*

9. See *State v. Brown* (2000), 136 Ohio App.3d 816, 821–822, 737 N.E.2d 1057, 1060–1061.

10. See *State v. Gilliam* (June 10, 1999), Lawrence County App. No. 98CA30, unreported, 1999 WL 740248.

11. See *State v. Nutt* (Oct. 19, 2000), Franklin App. No. 00AP–190, unreported, 2000 WL 1537898. See, also, *State v. Manson* (May 28, 1999), Union App. Nos. 14–98–50, 14–98–55, and 14–98–58, unreported, 1999 WL 417027; *State v. Stokes* (June 17, 1999), Union App. No. 14–98–53, unreported, 1999 WL 446087.

violating community control. This court has just recently held that, once the defendant has been notified of the specific term of imprisonment the trial court may impose for a violation of community control, the court is not later at liberty to impose a harsher term of imprisonment.[12] The majority seems to be overruling a case decided by this court only a few weeks ago.

In the present case, Curtis was sentenced to eleven months of imprisonment. It is true that Curtis signed a no-contest-plea form before she was sentenced, and that the form acknowledged that she could receive a prison term of six to twelve months for violation of any community-control sanctions imposed against her. But Curtis was not sentenced to community control at that hearing.

Instead, Curtis's original sentence of eleven months of imprisonment was suspended some three months later, and the court then imposed community control. The accompanying judgment entry states that Curtis received notification that the court could impose the maximum sentence for a fifth-degree felony for a violation of her community control. But the transcript of the proceedings does not reflect this notification. The record also does not reflect that Curtis received, signed, or in any way acknowledged the entry itself. And even if Curtis had received or acknowledged the judgment entry, the judgment entry does not specify what the range of possible imprisonment is for a felony of the fifth degree.

I empathize with the obvious frustration of the trial court when Curtis later abandoned her rehabilitation, her responsibility to the court, and her responsibility to herself. But by imposing the initial sentence of eleven months and later suspending that sentence in favor of community control, the court was limited by statute to imposition of what remained of the original eleven-month term. I would reverse the judgment of the trial court and remand this case for correction of the term of imprisonment, not to exceed eleven months.

---

**12.** See *State v. Akins* (Dec. 22, 2000), Hamilton App. Nos. C–000168, C–000169, and C–000170, unreported, 2000 WL 1867378; *State v. Carter* (1999), 136 Ohio App.3d 367, 369, 736 N.E.2d 915, 916.