Because I disagree with the rationale of Dillard, I respectfully dissent from the majority opinion.
As the majority notes, the state filed a new juvenile complaint on October 30, 2000, alleging appellant appeared to be delinquent in that he had violated parole by failing to report to his probation officer. Pursuant to former R.C. 2151.02(B), a delinquent child includes "[a]ny child who violates any lawful order of the court. . . ." Appellant's failure to report, as alleged in the complaint, is a new and separate delinquency action, which does not fall under the offenses listed in R.C. 2151.355(A)(4) or (5). I would, therefore, find no error in the trial court's conclusion that the time reduction provisions in R.C. 2151.255(F)(6) are inapplicable. (Accord In the Matter of Fee (Dec. 30, 1933), Erie App. No. E-93-24, unreported, at 2: "Appellant's parole violation offense, failure to report to his parole officer, was not a charge that would be a felony if committed by an adult. Therefore, the court was not required to state the number of days he was detained in connection with this charge." Had the General Assembly intended to expand the applicability of R.C. 2151.355(F)(6), as urged by appellant, we would find such guidance in the text, as we must ordinarily presume the Legislature means what it says. See State v. Virasayachack (2000),138 Ohio App.3d 570.
I would, therefore, overrule appellant's sole assignment of error and affirm the decision of the trial court.