JOURNAL ENTRY and OPINION
{¶ 1} Appellant Shirley Sternweiler appeals her conviction of two counts of assault with a peace officer specification, a violation of R.C. 2903.13(C)(3). Appellant brings forth three assignments of error. For the reasons set forth below, we affirm.
{¶ 2} Appellant's convictions arose out of a confrontation between her and two patrol officers at Cleveland Hopkins Airport on April 12, 2000. The officers approached appellant on the upper (departure) level roadway of the airport after talking with employees of Cheers[1] who told the officers that appellant had become irate towards employees and customers after being asked twice to put out her cigarette. Hopkins Airport is a non-smoking facility.
{¶ 3} Appellant testified that she was immediately put into handcuffs and then later dragged to a holding cell. Conversely, the officers testified that they did not immediately handcuff appellant, but rather, escorted her inside and attempted to help her get to the cab pick-up area, which is located on the lower (arrival) level roadway. The officers further testified that she became unruly, began to "spit, kick, scratch and punch," and that she hit one of the officers with the other's radio. Both officers suffered minor injuries.[2]
{¶ 4} Appellant waived a jury trial and the matter proceeded before the court, who found appellant guilty of two charges of assault with a peace officer specification (a felony of the fourth degree). The court ordered the preparation of a presentence investigation report.
{¶ 5} At the sentencing hearing held on June 25, 2001, the court referenced the presentence investigation report, took statements from counsel and appellant herself and then listed appellant's criminal history. The court then placed appellant on two years community control sanction with certain conditions and warned that if she got into any more trouble that she was "going to Marysville for three years."
{¶ 6} Through its October 24, 2001 journal entry, the court found that appellant had violated the terms of the community control sanction. The court sentenced appellant to serve 14 months at Marysville for each count, the sentences to run concurrently. The entry stated that appellant "was on probation at the time of this offense, has prior criminal convictions, caused physical harm and is a danger to herself and others."
{¶ 7} This appeal followed.
 {¶ 8} ASSIGNMENT OF ERROR I: THE TRIAL COURT ABUSED ITS DISCRETION IN TAKING JUDICIAL NOTICE OF FACTS NOT IN EVIDENCE AND BASING ITS DECISION ON THOSE FACTS.
 A.
{¶ 9} Appellant argues that the court erred by "referencing its own personal experiences" at Hopkins airport; specifically, the court's observations of no-smoking signs at the airport, its certainty that the Sheraton hotel provided a smoking area, its experience taking taxicabs and never seeing a cab pick anyone up at the airport's upper level. Appellant argues that these observations by the court constituted the taking of judicial notice of these facts, which were "not the proper subject of judicial notice," and that therefore appellant is entitled to a new trial.
 B.
{¶ 10} Appellant cites the correct rule of evidence regarding judicial notice.[3] The rule is, however, ultimately irrelevant to this appeal since the judge did not take judicial notice of anything. The court simply used its experiences to draw inferences from the evidence before it. This was a bench trial and the court therefore was the finder of fact. The court, as finder of fact, may draw inferences from experience regarding the facts at issue and may determine the credibility of the witnesses, just as would any juror. See State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
{¶ 11} Further, the court made the statements at issue in the context of assessing the appellant's credibility on the witness stand. In this regard, for example, the court did not take judicial notice of the fact that there were no-smoking signs throughout the airport; the court, based on its own observations of those signs, found appellant's testimony, that she did not know the airport was a non-smoking facility, unbelievable.
{¶ 12} Taking appellant's arguments to their logical conclusion, courts would be forced to instruct jurors that they must check not only their biases, but also their common sense, at the courthouse door, lest they take "juror notice" of their own experiences and observations when deliberating.
{¶ 13} Finally, appellant's counsel did not object to the judge's alleged taking of judicial notice.
{¶ 14} This assignment is not well taken.
 {¶ 15} ASSIGNMENT OF ERROR II: APPELLANT WAS FOUND GUILTY OF A MISDEMEANOR AND THE COURT CANNOT THEREAFTER SENTENCE APPELLANT FOR A FELONY VIOLATION.
 A.
{¶ 16} Appellant argues that R.C. 2903.13(C)(3) elevates a first degree misdemeanor (assault) into a fourth degree felony (assault with a peace officer specification) and that the court's failure to make certain findings[4] on the record rendered the felony conviction improper. In support of her argument, appellant directs this court's attention toApprendi v. New Jersey (2000), 530 U.S. 466 ("* * * any fact that increases the penalty for a crime beyond the prescribed statutory maximum * * * must be submitted to a jury and proved beyond a reasonable doubt."[5])
 B.
{¶ 17} The assault statute provides that no person "shall knowingly cause or attempt to cause physical harm to another * * *" nor "recklessly cause serious physical harm to another[.]" R.C. 2903.13(A), (B). Further, violation of this statute results in a misdemeanor of the first degree unless the victim is a peace officer, in which case the result is a felony of the fourth degree. R.C. 2903.13(C)(1), (3).
 C.
{¶ 18} Here, the state submitted evidence that the two victims were peace officers who were assaulted while performing their official duties. That essential fact was found to have been proved beyond a reasonable doubt by the fact finder, here, the court. The court, as finder of fact, found that appellant was guilty of assault on a peace officer. "In a case tried without a jury the court shall make a general finding." Crim.R. 23(C). No more is required.[6]
{¶ 19} Finally, the appellant is simply incorrect that the court found her guilty of a misdemeanor. The court found appellant guilty of a fourth degree felony; i.e., assault with a peace officer specification. R.C. 2903.13(C)(1), (3). Further, the court here did not increase the penalty beyond the statutory maximum (18 months for each count (R.C.2929.14(A)(4)). The court originally imposed community control sanction and later imposed two concurrent prison terms of 14 months.
{¶ 20} This assignment is not well taken.
 {¶ 21} ASSIGNMENT OF ERROR III: THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A PRISON TERM FOR A VIOLATION OF COMMUNITY CONTROL BY FAILING TO COMPLY WITH R.C. 2929.19(B)(5).
 A.
{¶ 22} Appellant argues that the court erred, in violation of R.C. 2929.19(B), by not giving notice to appellant regarding the specific prison term that could be imposed as a sanction for violating the community control sanction. Further, appellant argues that because of the court's error, this court should void the sentence.
 B.
{¶ 23} In imposing a community control sanction, the trial court must "notify the offender that, if the conditions of the sanction are violated, * * *, the court * * * may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation[.]" R.C. 2929.19(B)(5) (emphasis added). Further,
 {¶ 24} If the conditions of a community control sanction are violated * * *, the court * * * may impose a prison term on the offender * * *. The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice
provided to the offender at the sentencing hearing[.]
{¶ 25} R.C. 2929.15(B) (emphasis added).
{¶ 26} In sum, when the court imposes community control sanction, the court must indicate the prison term that may be imposed for violation of the sanction and, when the violation occurs, the court may impose a prison term that does not exceed the term specified at the sentencing hearing.
{¶ 27} This court has vacated and remanded for sentencing the judgment of a trial court that imposed a prison sentence on a defendant who had violated the terms of his community control sanction because, "If no prison term was specified at the original sentencing, it follows that no prison term may be imposed." State v. Virasayachack (2000),138 Ohio App.3d 570, 575, 741 N.E.2d 943. The facts before us now, however, are distinguishable from those in Virasayachack.
 C.
{¶ 28} At the June 25, 2001 sentencing hearing, the court placed appellant on two years community control sanction and told her that if she violated the sanction, she would be "going to Marysville for three years. Does everybody understand that?" Counsel for appellant answered in the affirmative. In its October 24, 2001 journal entry, the court found that appellant had violated the community control sanction and imposed a prison term of 14 months for each count, to run concurrently. Obviously, a 14-month term does not exceed three years — the amount specified at the sentencing hearing — and the court therefore did not err in imposing the 14-month sentence.
{¶ 29} This assignment is not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., CONCURS. COLLEEN CONWAY COONEY, J., CONCURS INJUDGMENT ONLY.
[1] Cheers is a bar located in the airport.
[2] One officer suffered a "large knot" on her head from being hit by the radio and a scratch on her hand. The other officer suffered bruised shins. Neither required medical attention.
[3] "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B).
[4] Those findings the court did not make are: that appellant was guilty of the police officer specification; that the court's finding constituted a felony; and that appellant was found guilty "as charged" in the indictment (which did mention the police officer specification).
[5] Appellant further argues that the Apprendi holding should be extended to apply to the court here, since it is the fact finder in this bench trial.
[6] We do not reach the issue whether Apprendi applies to the court as finder of fact. The case seems inapposite anyway, inasmuch as the holding revolves around the requisite degree of proof of a fact that increases the penalty. Here, appellant's argument is that the court did not make a finding relative to the degree of the crime.