JOURNAL ENTRY AND OPINION,
Defendant-appellant Michael Barr files a delayed appeal of the trial court's imposition of a seven-year (eighty-four month) prison term following his violation of community control sanctions. Defendant's appeal was delayed because he was not informed of his right to appeal the imposition of his sentence by either the trial court or his counsel, nor was he appointed appellate counsel. A year after his sentence was imposed, he called the Public Defender, who initiated a motion for delayed appeal, which was denied by this court. His appeal of that ruling to the Ohio Supreme Court was also denied as not involving any substantial constitutional question. Memorandum of Opinion, Northern District Court of Ohio, Eastern Division, at 3.
Defendant then filed a petition of writ of habeas corpus in the federal district court, which was granted. Granting that petition, the federal court ruled that defendant had been denied his right to a first direct appeal when he was not informed of his right to appeal. The federal court also found that defendant was denied his right to effective assistance of counsel because his counsel's error in not advising [defendant] of his appellate rights deprived him of his ability to perfect a timely appeal. Accordingly, his Sixth Amendment right to counsel was violated, and the appropriate remedy is to permit the delayed appeal he previously sought. Id. at 7. This appeal arises from that federal court order.
Defendant pleaded guilty to five counts of disseminating matter harmful to juveniles involving his Boy Scout troop. The court placed him on five years of community control sanctions and ordered him to be supervised by the sexual offender's unit, to engage in psychological counseling, to resign from the Boy Scouts and have no contact with children or with the victims in this case, to complete a sex offender's program, and to complete two hundred hours of community service.
The court also stated at the original sentencing hearing, if I get any hint that you're near children or anything's going on, you're supplying pornographic materials to children, I'm not going to hesitate to throw the book at you. Tr. of December 16, 1998, at 21. He also informed defendant of the potential sentence he was facing:
 If there are any violations of these conditions, the defendant's hereby sentenced to the Lorain Correctional Institution on Count 1 for 11 months, * * * Count 8 for 11 months, Count 15 for 11 months, Count 18 for 11 months, Count 19 for 11 months.
Counts 1, 8, and 15 to run consecutive with each other and concurrent to the sentences imposed in Counts 15 and 18 — Counts 18 and 19. Tr. at 25.
The potential prison sentence, stated by the court at the sentencing hearing, therefore, amounted to thirty-three months. The defendant also agreed to be designated as a sexual predator, although his crime did not fall into the classification arena of Ohio's sexual predator law.
Defendant violated the conditions of his community control sanctions in several ways: first, he told the Boy Scout officials that he had been acquitted of the charges against him and continued to participate in scouting activities. As a part of those activities, he went on two camping trips with the scouts, one of which was out of the county and one out of the state. In violation of his community control sanctions, he did not notify the probation department that he was leaving the county or the state.
Defendant waived a probable cause hearing and the court held a second sentencing hearing, at which he admitted to violating the terms of his community control sanctions. Emphasizing the defendant's blatant disregard for the terms of the community control, the court stated,
I am outraged the he [the defendant] is laughing at this Court order by going and continuing on with the Boy Scouts. I am really upset with you. * * * What is going through your mind? I should have sent you to prison the last time you were here and I gave you the opportunity along with the State and the Prosecutor, and I believe we have an agreed sentence at that time. Tr. of December 16, 1999, at 20-21. The court further stated,
We can't put up with this nonsense, this is not only inappropriate, but it is just disgusting and outrageous.
I am vacating the sentence because you have committed a grevious [sic] probation violation. He is hereby sentenced to, on Counts 1, 8, 15, and 18 to 16 months on each count. And a year on Count 19. All counts to run consecutive. * * *
* * * You can't be out here in society, I am not going to have you preying on these children anymore. Tr. of December 16, 1999, at 21-22.
The subsequent judgment entry vacated defendant's prior sentence and sentenced defendant to a total of seven years.[1]
Defendant filed a delayed appeal, stating two assignments of error. The first assignment of error states:
 I. THE TRIAL COURT ERRED WHEN IT SENTENCED MICHAEL BARR TO 84 MONTHS IN PRISON AFTER A VIOLATION OF COMMUNITY CONTROL SANCTION, WHEN IT HAD PREVIOUSLY INFORMED HIM THAT A VIOLATION MAY RESULT IN A 33-MONTH SENTENCE, IN VIOLATION OF R.C. 2929.19(B)(5), THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION. (JOURNAL ENTRY DATED DECEMBER 8, 1998, JOURNAL ENTRY DATED FEBRUARY 19, 1999).
Defendant argues that the court did not have the authority to increase his sentence after it had stated a sentence of thirty-three months at his original sentencing hearing. He is correct.
The term of a prison sentence imposed after violations of community control sanctions is controlled by R.C. 2929.19(B)(5) and R.C. 2929.15(B). R.C. 2929.19(B)(5) states in pertinent part:
 If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves the state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code. Emphasis added.
R.C. 2929.15 more specifically addresses the requirements associated with community control sanctions. It states in pertinent part:
 (B) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court * * * may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. The prison term * * * shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3)[2] [sic] of the Revised Code.
These statutes clearly mandate that at the hearing in which he is sentenced to community control sanctions the trial court must notify the defendant (1) that he could be subject to a prison term for violating the conditions of his community control sanctions and (2) what the specific amount of time to serve would be if he violates these terms.
After a violation of sanctions, the trial court may not increase the term of incarceration beyond the total sentence originally imposed. If the sentence was for a certain amount of time, the court may impose less time and it may also increase the portion allocated to prison, but it may not add any more time to the total sentence than was announced at the first sentencing hearing. We perceive no prejudice to [defendant] in the imposition of the shortest prison term available for each offense, as it did not exceed the maximum number of years (five) specified in the notice given at the * * * hearing. State v. Mynhier (2001), 146 Ohio App.3d 217,224. See also, State v. Brown (2000), 136 Ohio App.3d 816; State v. Taylor (2001) Clermont App. No. CA2000-05-036, 2001 Ohio App. LEXIS 257.
In this case, however, the court increased defendant's sentence from thirty-three months to eighty-four months. Although this is an appropriate sentence under R.C. 2929.14, it is not the sentence communicated to [defendant] at his sentencing hearing. * * * A trial court may only sentence an individual to a prison term for violation of community control sanctions when: (1) defendant was informed during the sentencing hearing of the prison term to be imposed for violation of the sanctions; and (2) the prison term does not exceed the term defendant was notified of during the sentencing hearing. State v. Carter (1999),136 Ohio App.3d 367, 369, citations omitted.
The state argues that appellant was on `notice' that he could go to prison for `33 months or extensions'[3] thereof * * *. The state does not provide any authority that such a vague statement would suffice to change the sentence. The state also argues that the new conduct of Barr, post-sentence, rendered the original sentence inappropriate. Again, the state does not explain what law provided the court with the authority to increase the total length of the original sentence on the basis of new conduct.
The sentence being imposed on defendant following the violation of the community control sanctions was not punishment for the behavior which constituted the violation of the sanctions. Rather, it was an imposition of the sentence for the underlying crime. The statutory reference to the range of terms to be selected is governed by the offense of conviction, not any potential violation that may or may not occur in the future. State v. Nutt (2000), Franklin App. No. 00AP-190, 2000 Ohio App. LEXIS 4833, at *10, citing State v. Virasayachack (2000), 138 Ohio App.3d 570. The state errs in arguing that the court could increase the sentence because of the seriousness of the community control violations.
The state also asserts that defendant placed false reliance on case law he cited to support his argument that the court could not increase the sentence. In its brief, the state claims [o]f particular concern is that neither of these appellate cases rely upon any precedent established by the Ohio Supreme Court. Appellee brief at 5.
The state ignores precedent from this district, however, which clearly supports defendant's position. This court has clearly stated: The purpose of R.C. 2929.15(B) is to inform the defendant of the possible consequences if he violates community control sanctions. If the offender violates community control sanctions, he cannot be sentenced to a greater prison term than the court indicated at the original sentencing. State v. Brown (2001), Cuyahoga App. No. 77875, 2001 Ohio App. LEXIS 1370, at *4. See also, State v. Sternweiler 2002 Ohio 2717, 2002 Ohio App. LEXIS 2785, at *26.[4] Other districts also hold this position. See State v. Marvin (1999), 134 Ohio App.3d 63; State v. Miller (1999), Tuscarawas App. No. 1999 AP 02 0010, 1999 Ohio App. LEXIS 6543; State v. Nutt, supra.
The trial court erred, therefore, in imposing on defendant a sentence which exceeded the total amount of time the court specified at the original sentencing hearing. This assignment has merit.
For his second assignment of error, defendant states:
 II. THE TRIAL COURT IMPOSED MAXIMUM, CONSECUTIVE SENTENCES WITHOUT MAKING THE NECESSARY FINDINGS, IN VIOLATION OF R.C. 2929.14, THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION. (JOURNAL ENTRY DATED FEBRUARY 19, 1999, TRANSCRIPT OF FEBRUARY 16, 1999 REVOCATION HEARING P. 22).
The conclusion reached in the first assignment of error renders this assignment of error moot. App.R.12.
Sentence reversed and remanded for resentencing consistent with this opinion. Any term of incarceration imposed is not to exceed the original sentence of thirty-three months, and defendant is to receive credit for time served. Court is ordered forthwith to return defendant for purposes of sentencing.
This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., AND ANNE L. KILBANE, J., CONCUR.
[1] At the hearing the court sentenced defendant to a total of 72 months. We note that a few pages earlier in the transcript the court totaled the maximum as 84 months.
[2] The courts have determined that the designation of (B)(3) is in error and that the legislature intended to say (B)(5). See State v. Curtis (2001), 143 Ohio App.3d 314; State v. Brown (2000),136 Ohio App.3d 816, fn. 1; State v. Virsayachak (2000),138 Ohio App.3d 570; State v. Gilliam (1999), Lawrence App. NO. 98 CA 30, 1999 Ohio App. LEXIS 2637.
[3] The first judgment entry read 33 months or extensions, as provided by law. Extensions could properly refer only to bad time.
[4] The state also attempts to distinguish this district's case State v. Virasayachack (2000), 138 Ohio App.3d 570, by claiming that because Virasayachack addressed a situation in which the court failed to state any potential sentence, it is not applicable to a case in which the court stated a different sentence. We are not persuaded by this distinction. See also, State v. Sharp 2002 Ohio 4028, 2002 Ohio App. LEXIS 4239, released after the briefs in this case were written.