JOURNAL ENTRY AND OPINION
{¶ 1} Defendant appeals the common pleas court's order imposing a prison term on him after determining that he violated the conditions of community control. He argues that the court lacked jurisdiction to impose a prison sentence, and that the consecutive sentences imposed by the court do not comport with the law. We find the court had jurisdiction to sentence appellant to a term of imprisonment. However, the state concedes that the court did not make the findings necessary to make that sentence consecutive to the sentence imposed in any other case. Therefore, we reverse and remand for resentencing.
 {¶ 2} Appellant pleaded guilty to two counts of trafficking in crack cocaine in an amount less than one gram. On March 1, 2001, he was sentenced to two years' community control on the condition that he work full time, submit to random urinalysis as directed by his probation officer, engage in "no drug use or associations," and pay court costs and probation fees, which the court said he could "work off" through court community service. At the sentencing hearing, the court informed appellant that "if you violate the probation [sic] and you come back here, you got to do two years."
 {¶ 3} The court later found appellant violated the conditions of community control when he was convicted of additional criminal offenses. A new sentencing hearing was held on August 24, 2001. The court sentenced appellant to nine months imprisonment on each count, to be served concurrently with one another but consecutive to all other sentences.
 {¶ 4} Appellant first argues that the court did not have jurisdiction to imprison him because the original sentencing order did not specify the term of imprisonment that would be imposed if he violated the conditions of community control. R.C. 2929.15(B) provides that "[t]he prison term, if any, imposed upon a violator pursuant to this division * * * shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)([5])[1]
of section 2929.19 of the Revised Code." "If no prison term was specified at the original sentencing, it follows that no prison term may be imposed." State v. Virasayachak (2000), 138 Ohio App.3d 570, 575.
 {¶ 5} Appellant urges that the trial court must incorporate into its sentencing order the potential sentence to be imposed in the event of a violation of community control. However, the legislature has not required the court to include the potential term of imprisonment in its sentencing order. If R.C. 2929.19(B)(5) was ambiguous on this subject, R.C. 2929.15(B) makes it clear that the notice is to be provided at the sentencing hearing, and does not require any mention in the sentencing order.
 {¶ 6} Appellant was advised at the sentencing hearing that the court would impose a term of two years' imprisonment[2] if appellant violated the conditions of community control. Therefore, the court was clearly authorized to impose the concurrent nine month terms it imposed. The first assignment of error is overruled.
 {¶ 7} Appellant's second assigned error contends that the court erred by imposing consecutive sentences. The judgment entry provides that appellant's sentences are to run concurrent with one another but consecutive to the sentence imposed in any other case. Thus, the issue is not whether the court could impose consecutive sentences for the offenses charged in this case, but whether it could make the sentence in this case consecutive to the sentence imposed in another case.
 {¶ 8} The statutory scheme assumes that sentences imposed in separate cases will be concurrent unless the court determines that consecutive sentences should be imposed under R.C. 2929.14(E). State v.Gillman (Dec. 13, 2001), Franklin App. No. 01AP-662. Thus, R.C. 5145.01
provides that "[i]f a prisoner is sentenced for two or more separate felonies, the prisoner's term of imprisonment shall run as a concurrent sentence, except if the consecutive sentence provisions of sections 2929.14
and 2929.41 of the Revised Code apply." Likewise, under R.C. 2929.41, "a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state," unless the court finds consecutive sentences are warranted by R.C. 2929.14(E),2971.03(D) or (E), or 2929.41(B).[3]
 {¶ 9} The state agrees that the court did not make the findings necessary to impose consecutive sentences under R.C. 2929.14(E)(4). Therefore, although we have found the court had jurisdiction to sentence appellant to a term of imprisonment, we must reverse the sentence actually imposed on appellant and remand for resentencing.
 {¶ 10} The sentence is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J. and JAMES J. SWEENEY, J. concur.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] In State v. Virasayachak (2000), 138 Ohio App.3d 570, we took "the extraordinary step of correcting R.C. 2929.15(B) to refer to R.C.2929.19(B)(5) rather than R.C. 2929.19(B)(3)."
[2] These offenses were fifth degree felonies, for which the maximum term of imprisonment is twelve months. Presumably, the court meant that it would impose two consecutive one year terms of imprisonment if appellant violated the conditions of community control.
[3] Neither R.C. 2929.41(B) (concerning misdemeanor sentencing) nor R.C. 2971.03 (concerning sexually violent offenders) has any application here.