DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Rocky Newman appeals the judgment of the Scioto County Court of Common Pleas, which found him guilty of escape, a violation of R.C. 2921.34(A)(1) classified as a third-degree felony pursuant to R.C. 2921.34(C)(2)(b). Appellant asserts that his conviction should be vacated because the classification of the offense as a third-degree felony was erroneous.
 {¶ 2} For the reasons that follow, we disagree with appellant and affirm the judgment of the trial court.
 The Trial Court Proceedings {¶ 3} In September 1999, Defendant-Appellant Rocky Newman was convicted of escape, a third-degree felony in violation of R.C.2921.34(A)(1) and (C)(2)(b). Thereafter, the Scioto County Court of Common Pleas sentenced appellant to community control (probation) for five years.
 {¶ 4} Subsequently, the trial court was informed that appellant had violated the terms of his probation. The court issued a warrant for appellant's arrest.
 {¶ 5} In July 2001, Officer David Brown of the Portsmouth Police Department arrested appellant pursuant to the warrant issued by the trial court. During the arrest, appellant struggled with, and broke free from, Officer Brown's control. After running some distance, appellant was subdued.
 {¶ 6} In August 2001, the Scioto County Grand Jury returned an indictment against appellant, charging him with third-degree-felony escape, a violation of R.C. 2921.34(A)(1) and (C)(2)(b).
 {¶ 7} In November 2001, a jury found appellant guilty of the escape as alleged in the indictment. The trial court subsequently sentenced appellant to two years imprisonment.
 The Appeal {¶ 8} Appellant timely filed his notice of appeal and presents the following assignment of error for our review: "It was error to enhance the defendant's indictment to a third degree offense for escape when at the time of his arrest he was on probation and therefore not under detention per the meaning of O.R.C. 2921.01(E)."
 {¶ 9} At the outset, we note our confusion as to the exact nature of appellant's assignment of error. Appellant appears to be challenging the degree of the offense for which he was convicted. Thus, we construe appellant's arguments as an assertion that his conviction of escape should not have been classified as a third-degree felony.
 {¶ 10} A review of the record fails to reveal where this issue or argument was raised before the trial court for its consideration.[2] It is axiomatic that a litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal. SeeState v. Johnson (Dec. 26, 1995), Ross App. No. 94CA2004; State v.Nields, 93 Ohio St.3d 6, 752 N.E.2d 859, 2001-Ohio-1291 (stating that, "We `need not consider an error' when the complaining party `could have called, but did not call' the matter to the trial court's attention.").
 {¶ 11} Accordingly, appellant has waived all but plain error regarding this issue. "The plain error rule should not be invoked unless, but for the error, the outcome of the trial would clearly have been otherwise." State v. Smith, Highland App. No. 01CA13,2002-Ohio-3402, citing State v. Underwood (1983), 3 Ohio St.3d 12,444 N.E.2d 1332. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus; Statev. Lott (1990), 51 Ohio St.3d 160, 555 N.E.2d 293.
 {¶ 12} Our review of the record reveals no plain error committed by the trial court. Appellant was on probation for a 1999 conviction of escape when he was arrested in July 2001 for violating the terms of that probation. This 1999 escape offense was classified as a third-degree felony. Appellant admits that he committed a second offense of escape during his arrest for the probation violation.
 {¶ 13} R.C. 2921.34(C)(2)(b) provides that, "If the offender, at the time of the commission of the offense, was under detention in any other manner * * *, escape is one of the following: * * * A felony of the third degree, when the most serious offense for which the person was under detention * * * is a felony of the third, fourth, or fifth degree or an unclassified felony."
 {¶ 14} Although appellant was technically under detention for a probation violation at the time of his offense, probation had been imposed for his commitment of a third-degree felony. Pursuant to R.C. 2929.15(B), a trial court may impose a prison term upon a defendant when that defendant violates the terms of his or her probation. Specifically, R.C.2929.15(B) provides as follows:
 {¶ 15} "The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3)[3] of section 2929.19 of the Revised Code."
 {¶ 16} It is apparent from this statute that for the purposes of classification (i.e., degree of punishment available to the court for imposition) a probation violation takes on the characteristics of the underlying offense. See id. Thus, appellant's probation violation can be said to have the nature of the underlying offense, which was a third-degree felony. Accordingly, appellant's second offense of escape was also based on an underlying third-degree felony.
 {¶ 17} Therefore, the trial court did not commit plain error. Furthermore, we find no manifest miscarriage of justice in the present case.
 {¶ 18} Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the SCIOTO COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAILPREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Abele, J.: Concur in Judgment Only.
[2] We note that the record sub judice does not contain a transcript of the trial court proceedings. Appellant bears the duty of providing a transcript with the record. See App.R. 9. Therefore, we are unable to determine whether this issue was orally raised before the trial court.
[3] The reference to (B)(3) was held to be a typographical error inState v. Virasaychack (2000), 138 Ohio App.3d 570, 741 N.E.2d 943, wherein the court stated, "[W]e take the extraordinary step of correcting R.C. 2929.15(B) to refer to R.C. 2929.19(B)(5) rather than R.C.2929.19(B)(3)."