The STATE of Ohio, Appellee,

v.

O'BRYAN, Appellant.

[Cite as *State v. O'Bryan*, 181 Ohio App.3d 247, 2009-Ohio-753.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–518.

Decided Feb. 19, 2009.

248

Ron O'Brien, Franklin County Prosecuting Attorney, and Richard A. Termuhlen, Assistant Prosecuting Attorney, for appellee.

Yeura R. Venters, Franklin County Public Defender, and Paul Skendelas, Assistant Public Defender, for appellant.

SADLER, Judge.

{¶ 1} Appellant, Cynthia L. O'Bryan, filed this appeal seeking reversal of a judgment of the Franklin County Court of Common Pleas convicting her on a charge of passing bad checks in violation of R.C. 2913.11 and ordering her to pay restitution in the amount of $15,056.56. For the reasons that follow, we affirm the trial court's judgment.

{¶ 2} Appellant was indicted by the Franklin County Grand Jury on two counts of passing bad checks in violation of R.C. 2913.11, both fourth-degree felonies, and 20 counts of passing bad checks in violation of R.C. 2913.11, each a first-degree misdemeanor. Count 1 alleged a course of conduct occurring in Delaware, Franklin, Fairfield, Fayette, Licking, Madison, Marion, Pickaway, Richland, and Union Counties. Count 2 alleged the same conduct but identified only those checks issued to vendors in Franklin County. Counts 3 through 22 charged the same conduct alleged in Count 2 regarding checks passed in Franklin County but listed each check individually as a separate charge.

{¶ 3} Appellant filed a motion seeking dismissal of the indictment on a number of grounds, including that R.C. 2913.11 did not allow aggregation of the individual check amounts to arrive at the total value necessary to charge the offense as a fourth-degree felony. The trial court denied the motion to dismiss the indictment. Appellant then entered a plea of no contest to Count 1 of the indictment, with nolle prosequis being entered for the remaining counts.

{¶ 4} The trial court entered a finding of guilt as to Count 1 and imposed a sentence of 17 months of incarceration, followed by a period of postrelease control not to exceed three years. The court also ordered restitution in the amount of $15,056.56, which was the amount of all the checks set forth in Count 1 of the indictment, including those checks that had been written outside Franklin County.

{¶ 5} Appellant filed this appeal, asserting two assignments of error:

## FIRST ASSIGNMENT OF ERROR

The trial court erred in failing to dismiss the felony counts of passing bad checks as R.C. 2913.11(B) does not permit the aggregation of multiple checks to determine the level of the offense.

## SECOND ASSIGNMENT OF ERROR

The trial court erred in ordering restitution on offenses arising outside the court's jurisdiction and subject to independent prosecution.

{¶ 6} R.C. 2913.11 provides:

(A) As used in this section:

(1) "Check" includes any form of debit from a demand deposit account, including, but not limited to any of the following:

(a) A check, bill of exchange, draft, order of withdrawal, or similar negotiable or non-negotiable instrument;

(b) An electronic check, electronic transaction, debit card transaction, check card transaction, substitute check, web check, or any form of automated clearing house transaction.

(2) "Issue a check" means causing any form of debit from a demand deposit account.

(B) No person, with purpose to defraud, shall issue or transfer or cause to be issued or transferred a check or other negotiable instrument, knowing that it will be dishonored or knowing that a person has ordered or will order stop payment on the check or other negotiable instrument.

* * *

(E) In determining the value of the payment for purposes of division (F) of this section, the court may aggregate all checks and other negotiable instruments that the offender issued or transferred or caused to be issued or transferred in violation of division (A) of this section within a period of one hundred eighty consecutive days.

(F) Whoever violates this section is guilty of passing bad checks. Except as otherwise provided in this division, passing bad checks is a misdemeanor of the first degree. If the check or checks or other negotiable instrument or instruments are issued or transferred to a single vendor or single other person for the payment of five hundred dollars or more but less than five thousand dollars or if the check or checks or other negotiable instrument or instruments are issued or transferred to multiple vendors or persons for the payment of one thousand dollars or more but less than five thousand dollars, passing bad checks is a felony of the fifth degree. If the check or checks or other negotiable instrument or instruments are for the payment of five thousand dollars or more but less than one hundred thousand dollars, passing bad checks is a felony of the fourth degree. If the check or checks or other negotiable instrument or instruments are for the payment of one hundred thousand dollars or more, passing bad checks is a felony of the third degree.

■ {¶ 7} In her first assignment of error, appellant argues that pursuant to the plain and unambiguous language in R.C. 2913.11(E), aggregation of the checks for purposes of determining the level of the offense applies only to violations of division (A), whereas she was charged with and convicted of violating division (B). Appellant further argues that R.C. 2901.04, commonly referred to

as the "rule of lenity," requires that R.C. 2913.11(E) must be construed strictly against the state and liberally in favor of the accused. In either case, appellant argues that she could only have been convicted of the misdemeanor form of the offense because she was found to have violated only R.C. 2913.11(B).

{¶ 8} R.C. 2913.11(A) is a definitional section added to the statute in Sub.H.B. No. 401, 150 Ohio Laws, Part IV, 6318, 6320, effective May 18, 2005. Nothing in division (A) describes any criminal offense; rather, the criminal offense is set forth in division (B). Thus, under the plain language of the statute, there could never be any aggregation of the check amounts under division (E) because no checks could ever be passed or issued in violation of division (A).

{¶ 9} Under the general rules of construction applicable to sections of the Revised Code:

In enacting a statute, it is presumed that:

(A) Compliance with the constitutions of the state and of the United States is intended;

(B) The entire statute is intended to be effective;

(C) A just and reasonable result is intended;

(D) A result feasible of execution is intended.

R.C. 1.47.

{¶ 10} Applying this rule of construction, we can only conclude that the General Assembly intended the aggregation provision in R.C. 2913.11(E) to apply to checks passed or issued in violation of R.C. 2913.11(B). To conclude otherwise would render the aggregation provision a complete nullity. When the terms of a statute as written would never be applicable but may be rendered applicable by the substitution of one character, it is appropriate for a court to correct the error in order to give effect to the obvious intent of the statute. *State v. Virasayachack* (2000), 138 Ohio App.3d 570, 741 N.E.2d 943.

{¶ 11} We decline to accept appellant's argument that the rule of lenity should apply here. That rule applies only where there is ambiguity in a statute, requiring that the ambiguity must be resolved in favor of the accused. See *State v. Ford*, Franklin App. No. 07AP–803, 2008-Ohio-4373, 2008 WL 3970913. Here, there is no ambiguity. Rather, it is clear that the reference in R.C. 2913.11(E) to violations of division (A) is an error, and the division should actually refer to violations of division (B). We apply the section as it was clearly intended, in order to give full effect to the statute. See *Virasayachack*, 138 Ohio App.3d 570, 741 N.E.2d 943.

{¶ 12} Thus, the trial court did not err when it aggregated the total amount of the checks specified in Count 1 of the indictment in determining the level of the offense. Therefore, appellant's first assignment of error is overruled.

{¶ 13} In her second assignment of error, appellant argues that the trial court erred when it included, in the amount of restitution it ordered appellant to pay, those checks that were written outside Franklin County. Appellant argues that the trial court had no jurisdiction to order restitution for checks written outside Franklin County because appellant could not properly be convicted in Franklin County for conduct that occurred in other counties.

{¶ 14} However, the issue is not one of jurisdiction, but rather of venue. R.C. 2901.12(H) provides that:

When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred. Without limitation on the evidence that may be used to establish the course of criminal conduct, any of the following is prima-facie evidence of a course of criminal conduct:

(1) The offenses involved the same victim, or victims of the same type or from the same group.

(2) The offenses were committed by the offender in the offender's same employment, or capacity, or relationship to another.

(3) The offenses were committed as part of the same transaction or chain of events, or in furtherance of the same purpose or objective.

(4) The offenses were committed in furtherance of the same conspiracy.

(5) The offenses involved the same or a similar modus operandi.

(6) The offenses were committed along the offender's line of travel in this state, regardless of the offender's point of origin or destination.

{¶ 15} Ohio courts have held that R.C. 2901.12(H) establishes proper venue in a county for an offender who has engaged in a course of conduct by writing bad checks to vendors in multiple counties. *State v. Miller* (Nov. 15, 1996), Montgomery App. No. 15481, 1996 WL 665002; *State v. Lyons* (Oct. 13, 1993), Holmes App. No. CA–476, 1993 WL 437740. The *Miller* court found venue proper based on R.C. 2901.12(H)(1) and (5), while the *Lyons* court found venue proper under R.C. 2901.12(H)(1), (2), and (5). We agree with the courts in *Miller* and *Lyons* that writing bad checks to vendors in multiple counties constitutes a prima facie showing of a course of criminal conduct for purposes of R.C. 2901.12(H)(1) and (5). Appellant points to no evidence in the record that would rebut this prima facie showing. Thus, we conclude that venue was proper in Franklin County and that the trial court could therefore have convicted and ordered restitution for those checks issued to vendors outside Franklin County.

{¶ 16} At the sentencing hearing and in briefing here, appellant raised the possibility that at least some of the checks written in other counties had been the

subject of prosecution in those other counties, thus raising the possibility that the trial court's restitution order would result in double recovery for those vendors outside Franklin County. However, raising the mere possibility of double recovery, without evidence that such a double recovery will occur or has occurred, does not provide us with a basis to conclude that the restitution order was unlawful.[1]

{¶ 17} Consequently, appellant's second assignment of error is overruled.

{¶ 18} Having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

BRYANT and BROWN, JJ., concur.

————

1. Whether appellant was prosecuted outside Franklin County for any of the checks that were the subject of the indictment in this case would implicate appellant's right against double jeopardy, but nothing in the record provides any indication that appellant either pleaded or offered evidence to the trial court that she had already been the subject of prosecution for any of the checks alleged in the indictment in this case.