{¶ 28} On this appeal from a sentence imposed by Judge Kathleen Sutula, I respectfully dissent because I believe the judge did "unfairly interject facts and circumstances" unrelated to the offenses for which the sentence was to be imposed. Not only did she base her decision on unproven conduct, she used the community control violations as evidence enhancing the seriousness of the original offenses.
 {¶ 29} On November 19, 2001, Sandra Urquhart was convicted of one count of theft,[1] a fourth degree felony, and four counts of forgery,[2] all fifth degree felonies, and the judge imposed community control sanctions. One of the community control conditions required Urquhart to inform her employer of the conviction. She admitted violating this requirement by failing to notify her employer and by forging a letter of acknowledgment verifying the employer's receipt of the notice. She also forged subsequent memos indicating that her employer had reassigned her to a position that would prevent her from having the opportunity to embezzle funds, and presented these memos to her probation officer.
 {¶ 30} The community control violation subjected Urquhart to a sanction, including the imposition of a prison term. The judge had informed her at the original sentencing, under R.C. 2929.15(B) and2929.19(B)(5), that violation of community control would subject her to maximum and consecutive sentences although nothing in the record provides reasons or findings to support that punishment. At the sentencing after the community control violation, her probation officer stated:
"This officer and the Court has (sic) been in contact with Jim Berkes,who is the owner of Artisan Industries, her former employer, and, as ofAugust 22nd of 2002, he stated that he was conducting an audit of hisfinancial books. At the time he had a preliminary figure in excess of$20,000. However, he said it was not complete. She has since beenterminated and she has waived preliminary hearing."
 {¶ 31} The judge, therefore, was advised not only that Urquhart had forged a document and failed to advise her employer of her criminal record, but that she had embezzled funds from that employer. She denied committing a theft offense, and the judge acknowledged that theft charges should be separately addressed, stating:
"Well, I think that may be the charge, the subject of further criminalcharges. So, I'm not dealing with a theft issue here. That will be foranother day."
 {¶ 32} Nevertheless, the judge next questioned Urquhart concerning the source of funds she had used to make her monthly $1,450 restitution and learned that her payments amounted to over 50% of her gross earnings. She then imposed maximum and consecutive prison terms, stating:
"[Y]ou are a serial[3] thief, a serial forger. I have given you everybreak the system has to give. Each time you have proved me to be anincompetent judge.
 * * *
 Over the last five years you have been stealing, all throughout myprobation I have given you.
 * * *
 You have gone further to, within two days of getting probation, todenigrate the court system by providing forged documents to this court.You prolonged that denigration of the court system by providing themfollow-up responsive forged memos * * * to make it seem like * * *Artisan Industries read your forged memo and acted upon it.
 * * *
 You have perpetuated and continued your course of lying and cheatingyour employers. I believe that you have now committed the worst form ofthe offense, the worst form of this offense.
 * * *
 The harm that you have done to those businesses, especially in thiseconomy, is very great and it is unusual insofar that you continued itafter being caught once and you then — These responsive memos areso indicative of recidivism and of the harm that you can cause thebusiness community."
 {¶ 33} My objection to the sentence imposed stems not only from the judge's conclusion that Urquhart had committed a new theft offense, but from her use, in any manner, of Urquhart's violation behavior to determine that she had "NOW committed the worst form of the offense[.]" (Emphasis added.) I also object to the judge's finding, in imposing consecutive sentences, that the violation behavior increased the harm caused by the original offenses. Regardless of her conduct while on community control, Urquhart's violation subjected her to punishment only for the offenses originally committed; nothing in Ohio's sentencing scheme allows or suggests that the character of a community control violation can affect the seriousness or character of the original offense. The character of the violation affects the decision to impose a longer term of community control, more restrictive sanctions, or a prison term. If a judge finds the violation so serious that a prison term is warranted, the assessment of the violation itself is at an end; the judge must then focus on the character of the original offense in deciding whether it was the "worst form."
 {¶ 34} I agree that a judge may consider the violation behavior in determining whether to impose maximum or consecutive sentences after a community control violation, as long as the conduct is used to determine OFFENDER characteristics, such as the likelihood of committing future offenses, which are not restricted to consideration of the offense itself.[4] However, to the extent any of those decisions suggest that subsequent conduct can affect the consideration of an OFFENSE characteristic such as a worst form finding, I disagree.[5]
 {¶ 35} R.C. 2929.19(B)(5) requires a judge who imposes community control sanctions to inform an offender that, upon violation, the judge "may impose a prison term upon the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense * * *." This provision is ambiguous because, even though the prison term is imposed as a sanction for the violation, it is also selected from among the terms available for the original offense and the sentencing must comply with R.C. 2929.14. Because the available prison term relates to the offense, it makes no sense to consider whether the offender committed the worst form of a community violation when imposing sentence. Therefore, when sentencing considerations refer to offense-specific factors such as the worst form of the offense or the harm caused by the offense, these factors should refer to the original offense and not the violation.[6]
 {¶ 36} Furthermore, because statutory ambiguity must be construed in the defendant's favor,[7] offense characteristics should not be influenced by the nature of the violation. The imposition of community control sanctions does not hold the offender's crime open so that a violation can be considered a continuance of the original offense. If the community control violation constitutes a separate criminal offense it can be charged separately, and if a conviction is obtained the judge can consider, in sentencing, offense-specific factors such as whether the new offense occurred while the defendant was on community control.[8]
 {¶ 37} Even if the judge had the authority to make a worst form finding based upon the combination of the offense and the violation, her finding cannot be upheld because she punished Urquhart not for the forged documents, but because she believed Urquhart had committed yet another theft offense. Her interrogation of Urquhart and her remarks in sentencing show that this finding was based on improper investigation and speculation.[9] Speculation concerning whether Urquhart committed another theft offense was inappropriate for any purpose in this sentencing proceeding.
 {¶ 38} I would vacate and remand for resentencing.
[1] R.C. 2913.02.
[2] R.C. 2913.31.
[3] The term "serial" ordinarily denotes three or more.
[4] See, e.g., State v. Sim, Lake App. No. 2001-L-134, 2002-Ohio-5995, at ¶ 27 (maximum sentence imposed because violation showed "highest risk of recidivism"); State v. Catron (Dec. 10, 2001), Clermont App. No. CA2001-03-040 (stating that judge could impose maximum sentence upon finding that offender "poses greatest risk of recidivism").
[5] See State v. Curtis (2001), 143 Ohio App.3d 314, 317-318,757 N.E.2d 1237 (Painter, J., dissenting).
[6] See, also, State v. Chapman, Hamilton App. No. C-020115, 2002-Ohio-7336, at ¶ 5 (consecutive sentence finding for community control violation cannot be based on the term of community control that was violated; such a finding must refer to the original offense).
[7] R.C. 2901.04.
[8] R.C. 2929.12(D).
[9] State v. Longo, (1982), 4 Ohio App.3d 136, 141, 4 OBR 228,446 N.E.2d 1145.