OPINION
{¶ 1} Appellant, the State of Ohio, appeals from a pretrial dismissal of a charge against Appellee Wayne Link for improper use of a 911 emergency system. The relevant facts leading to this appeal are as follows.
 {¶ 2} On September 18, 2002, a Knox County Sheriff Deputy filed a criminal complaint affidavit in the Mount Vernon Municipal Court, averring as follows.
 {¶ 3} "Before me, Judy Smith, Clerk of said Municipal Court, personally came Sgt. John Rine who being duly sworn according to law, deposes and says that on or about the 31st day of August, 2002, at approximately 3:12 a.m., in the County of Knox and in the State of Ohio, one Wayne Link did knowingly use the telephone number of the 9-1-1 system to report an emergency knowing that no emergency exists contrary to and in violation of Section 4931.49(D) of the Revised Code of Ohio."
 {¶ 4} On September 27, 2002, appellee entered a not guilty plea, and subsequently filed a jury demand and request for discovery. On November 1, 2002, appellee filed a pro se motion to dismiss, citing the Due Process Clause of the United States Constitution and Ohio Crim.R. 48(B). The motion additionally stated: "State of Ohio knew there was no emergency before it responded to the call at issue in this case. There is no liability by the Defendant in this case, and therefore it should be dismissed."
 {¶ 5} A jury trial was set for December 19, 2002. On November 19, 2002, the trial court held a pre-trial hearing on appellee's motion to dismiss. Appellee, without objection, was permitted to call as sworn witnesses Dispatcher Connie Gale, Deputy David DeVolld, and Sergeant John Rine. The prosecutor did not cross-examine the first two witnesses, but did briefly cross-examine Sgt. Rine. At the conclusion of the hearing, the court announced it was denying the motion to dismiss. On December 4, 2002, a judgment entry denying the motion to dismiss was filed. Shortly thereafter, the trial court continued the jury trial to January 9, 2003.
 {¶ 6} However, on January 2, 2003, the court issued a judgment entry wherein it sua sponte reconsidered its earlier decision, and dismissed the case against appellee. The court therein found that appellee had called 911 at about 3 AM on August 31, 2002, stating "[w]e need a new sheriff," and then hung up the telephone. The court, after reviewing some of the case law on the subject, proceeded to draw the following conclusion:
 {¶ 7} "Revised Code section 4931.40(E) defines `Emergency Service' as `emergency police, firefighting, ambulance, rescue and medical service,' In the instant case, the Court finds that the Defendant called to make a complaint not to request `emergency service'. Even if the State could convince a jury beyond a reasonable doubt that the report was false, the Court finds that the Defendant would not be guilty of the offense charged. If the State wishes to criminalize the use of the 9-1-1 for making any non-emergency calls, the legislature must revise the statute." Judgment Entry at 2.
 {¶ 8} The State timely filed a notice of appeal, and herein raises the following sole Assignment of Error:
 {¶ 9} "I. The mount vernon municipal court wrongfully dismissed this case when it found that mr. link did not misuse the emergency 911 system according to R.C. 4931.49(D)."
 I. {¶ 10} In its sole Assignment of Error, the State argues the trial court erred in dismissing the case against appellee. We disagree.
 {¶ 11} As an initial matter, we note "[i]t is a fundamental principle of criminal law that `[a] directed verdict of acquittal by the trial judge in a criminal case is a "final verdict" within the meaning of R.C. 2945.67(A) which is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute.'" State v. Swearingen
(Aug. 20, 2001), Clinton App. No. CA2001-01-005, quoting State v. Keeton
(1985), 18 Ohio St.3d 379, paragraph two of the syllabus. However, in the case sub judice, despite certain factual findings of the trial court, we find the matter appealable by the State as a ruling on a pre-trial motion to dismiss, pursuant to R.C. 2945.67(A). See, also, State v. Glover
(1988), 35 Ohio St.3d 18, (reiterating that jeopardy attaches when a criminal jury is empanelled and sworn).
 {¶ 12} As noted in our recitation of the facts of the case sub judice, the trial court took the unusual step of allowing the three major witnesses to the charged offense to be questioned by the defendant-appellee as to the merits of the case at a pre-trial (non-suppression) hearing. However, "[w]hen a defendant in a criminal action files a motion to dismiss which goes beyond the face of the indictment, he is, essentially, moving for summary judgment, which is not permitted under the Ohio Rules of Criminal Procedure." State v. Robinson,
Athens App. No. 01CA51, 2002-Ohio-6150, at ¶ 22, citing State v.Tipton (1999), 135 Ohio App.3d 227.
 {¶ 13} However, the State neither objected to the procedural format of the hearing on the motion to dismiss, nor has it specifically raised such an issue on appeal. Therefore, we will not further address this procedural issue. See, e.g., State v. 1981 Dodge Ram Van (1988),36 Ohio St.3d 168, 170.
 {¶ 14} R.C. 4931.49(D) reads as follows: "No person shall knowingly use the telephone number of the 9-1-1 system to report an emergency if the person knows that no emergency exists."
 {¶ 15} In State v. Echols (1981), 141 Ohio App.3d 556, a truck driver was charged with improper use of the 911 system after a traffic stop incident in Butler County. Angered by his experience during the stop and unfruitful police search of his rig, Defendant Echols called 911 from a nearby rest area after attempting to register a complaint by telephone with a police supervisor. Id. at 558. Echols hung up before the 911 dispatcher answered. Id. On appeal following Echols' conviction under R.C. 4931.49(D), however, the Twelfth District Court found the evidence presented by the state was inadequate under the statute. The Court opined:
 {¶ 16} "Here, the undisputed evidence discloses, and the trial court expressly found, that Echols did not `report' an emergency, either real or imagined, to anyone. Indeed, to `report' means to convey or disseminate information; and without any such incriminating report in this case, the state, according to the statute, was relegated to the difficult task of proving that Echols himself knew that no emergency existed. To be sure, many sincere and well-intentioned users of the telephone number of the 9-1-1 system might differ substantially as to what constitutes an emergency, and this undoubtedly creates a serious administrative problem for the system; but, absent any `report' evidencing falsity of any kind or description, the evidence actually presented herein provides nothing more than a base for speculation as to what was going through the defendant's mind when he hung up the telephone without completing the 9-1-1 call."
Id. at 559.
 {¶ 17} In the case sub judice, it is undisputed that the misdemeanor complaint filed against appellee was based on the second 911 call, made at approximately 3:12 AM, in which appellee solely stated "[w]e need a new sheriff." See Appellant's Brief at iv., v. Our review of the testimony presented at the motion to dismiss hearing fully supports such a factual conclusion. Therefore, potential procedural irregularities aside, we are unpersuaded that appellee could have been shown to have "report[ed] an emergency" as per the language of R.C. 4931.49(D). Ordinarily, we must presume the legislature means what it says; we cannot amend statutes to provide what we consider a more logical result. SeeState v. Virasayachack (2000), 138 Ohio App.3d 570.
Accordingly, we find no error in the trial court's dismissal of the charge against appellee under the circumstances of this case.
 {¶ 18} The State's Assignment of Error is overruled.
 {¶ 19} For the reasons stated in the foregoing opinion, the judgment of the Mount Vernon Municipal Court of Knox County, Ohio, is hereby affirmed.
Gwin, P.J., and Edwards, J., concur.