JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Michael Henderson, appeals from his conviction for receiving stolen property, a fifth-degree felony, in the Cuyahoga County Court of Common Pleas. For the reasons stated below, we reverse and remand.
 {¶ 2} On June 28, 2005, Henderson was indicted on one count of receiving stolen property in violation of R.C. 2913.51. The indictment charged that on May 7, 2005, Henderson unlawfully "did receive, retain or dispose of [a] license plate validation sticker," which was the property of a specified person, "knowing or having reasonable cause to believe that it had been obtained through the commission of a theft offense."
 {¶ 3} The case proceeded to a bench trial. At the conclusion of trial, the judge found Henderson guilty as charged. The trial court sentenced Henderson to eighteen months of community controlled sanctions.
 {¶ 4} Henderson filed this appeal, raising one assignment of error for our review that provides as follows:
 {¶ 5} "Michael Henderson has been deprived of his liberty without due process of law by his conviction for the fifth-degree felony of receiving stolen property when his indictment charged him only with a misdemeanor and the evidence, as a matter of law, proved him guilty of only a misdemeanor."
 {¶ 6} Henderson claims that a validation sticker and a license are different items and that a stolen validation sticker may be the subject of only a misdemeanor offense for receiving stolen property. We agree.
 {¶ 7} R.C. 2913.51(A) defines the offense of receiving stolen property and states that "no person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." Except as otherwise provided, a violation of this section is a misdemeanor of the first degree. R.C. 2913.71. Pertinent to this case, if the property involved is any of the property listed in R.C. 2913.71, the offense is a felony of the fifth degree.
 {¶ 8} Among the items listed in R.C. 2913.71 that elevate the offense to a felony of the fifth degree are the following: "a motor vehicle identification license plate as prescribed by section 4503.22 of the Revised Code, a temporary license placard or windshield sticker as prescribed by section 4503.182 of the Revised Code, or any comparable license plate, placard, or sticker as prescribed by the applicable law of another state of the United States." R.C. 2913.71(C). The issue presented to us is whether a validation sticker is encompassed by the listing of a "license plate."
 {¶ 9} Henderson argues that the above statutes must be strictly construed against the state. Indeed, R.C. 2901.04 states that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."
 {¶ 10} Henderson points to R.C. 4503.22, which defines a "license plate." This statute specifies, in relevant part, that a "license plate" shall consist of a placard "made of steel" and upon which appears "the name of this state and the slogan `BIRTHPLACE OF AVIATION.'" Applying a strict construction, a validation sticker does not qualify as a license plate. Henderson also notes R.C. 4503.191 contains language requiring that a license plate is to be accompanied by a validation sticker, thereby differentiating the two.
 {¶ 11} The state claims that a validation sticker is an integral part of a license plate. In support of its argument, the state cites State v. Keane (Jan. 24, 2000), Stark App. No. 1999CA0182. In Keane, the defendant was convicted of violating R.C. 4503.21 for displaying expired license plates. Id. The defendant argued that the statute, which governs the display of license plates and validation stickers, was not intended to charge the offense of "expired plates." Id. The court found that the statute, when read in conjunction with R.C. 4503.19 and4503.191, revealed the Ohio legislature's intent that the displayed validation sticker be current. Id. In making this finding, the court recognized that "the validation sticker is an integral part of the license plate and makes the license plate, otherwise a simple piece of metal, valid for its intended purpose." Id.
 {¶ 12} Although we agree with the reasoning of Keane, the case is distinguishable. The statute under which Keane was convicted addressed the display of a validation sticker. Keane,
supra. The court in Keane was not presented with the question of whether a license plate and validation sticker may be treated as one and the same under R.C. 2913.71. A validation sticker is not specifically listed among the items that elevate the crime to a felony of the fifth degree in R.C. 2913.71.
 {¶ 13} The state argues that because the validation sticker is an integral part of the license plate and because the effect of whether the sticker is stolen or the entire plate is stolen is the same, the sticker should be rendered property under the statute, thereby making the theft of a validation sticker a felony of the fifth degree. We recognize that the state has presented a logical argument as to the effect of a validation sticker or license plate being stolen as the same. Common sense would indicate that the two should be equal in their degree of offense. However, we are constrained to apply a strict construction to R.C. 2913.51 and R.C. 2913.71. The Ohio legislature did not include a validation sticker among the list of property that elevates the crime to a felony of the fifth degree.
 {¶ 14} The issue at hand was addressed in State v. Seward
(Mar. 31, 1999), Greene App. No. 98CA107, a case relied upon by Henderson. In Seward, the court stated the following:
"The validation sticker, display of which is required by R.C.4503.21, is not among the specifications for license platesprovided by R.C. 4503.22, except by reference to the authorityconferred on the director of the Bureau of Motor Vehicles by R.C.119.01 to R.C. 119.13 to provide for the sticker'sspecifications. Nevertheless, the trial court reasoned thevalidation sticker is merged into the license plate'sspecifications by operation of R.C. 4503.21 because the platecannot be used without the sticker.
 "R.C. 2913.71 elevates a misdemeanor offense to a felony onthe basis of the identity of the property involved, not its use.Having thus identified a license plate in division (C) of thesection by particular reference to R.C. 4503.22, which does notinvolve the plate's use, the General Assembly cannot be presumedto have been concerned with the plate's use when it enacted R.C.2913.71(C).
 "While the question is a close one, we must be guided in ourdecision by two principles. The first is the canon ofconstruction, expressio unius exclusio alterius, the expressionof one thing suggests the exclusion of all others. Thus, thereference to R.C. 4503.22 in R.C. 2913.71(C) suggests that theGeneral Assembly did not intend to include the validation stickerfor which R.C. 4503.21 provides when it enacted division (C) ofR.C. 2913.71. The second principle is stated in R.C. 2901.04(A):`Sections of the Revised Code defining offenses or penaltiesshall be strictly construed against the state, and liberallyconstrued in favor of the accused.' Therefore, any evidentambiguity in the definition of a `license plate' operates againstapplication of R.C. 2913.71 to elevate Seward's offense to afelony from a misdemeanor."
 Seward, supra; see, also, State v. Gordon, Cuyahoga App. 86562, 2006-Ohio-1732 (trial court found charged offense of receiving stolen property for being in receipt of a stolen validation sticker was a misdemeanor of the first degree).
 {¶ 15} We agree with the application of the principles expressed in Seward and with the conclusion that "a validation sticker for a license plate is not a form of property which elevates an R.C. 2913.51(A) receiving stolen property offense from a first degree misdemeanor to a fifth degree felony pursuant to R.C. 2913.71(C)." Seward, supra. We find that the trial court erred in holding to the contrary in this case. Henderson's assigned error is sustained.
The judgment of the trial court is reversed, and the case is remanded to the lower court with instructions to modify the judgment of conviction for receiving stolen property to a misdemeanor of the first degree and to resentence Henderson accordingly.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J., and Michael J. Corrigan, J., concur.