The STATE of Ohio, Appellee,

v.

BENNETT, Appellant.

[Cite as *State v. Bennett*, 185 Ohio App.3d 54, 2009-Ohio-6092.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 09 CAA 04 0034.

Decided Nov. 5, 2009.

Dave Yost, Delaware County Prosecuting Attorney, and Kyle E. Rohrer, Assistant Prosecuting Attorney, for appellee.

Chris L. Soon, for appellant.

HOFFMAN, Judge.

{¶ 1} Defendant-appellant, Nefertiree Bennett, appeals her conviction and sentence entered by the Delaware County Court of Common Pleas on one count of receiving stolen property, in violation of R.C. 2913.51(A), after the trial court found her guilty following her plea of no contest. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶ 2} On August 26, 2005, the Delaware County Grand Jury indicted appellant on one count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fifth degree. The indictment charged that on or about June 11, 2005, appellant unlawfully "did receive, retain, or dispose of certain property, being a license plate and registration sticker," which was the property of another individual, "knowing or having reasonable cause to believe said property had been obtained from the commission of a theft offense." Appellant appeared before the trial court for arraignment on December 17, 2007, and entered a plea of not guilty to the charge.[1]

{¶ 3} On May 20, 2008, the trial court scheduled a change-of-plea hearing. Prior to the hearing, defense counsel filed a memorandum of law regarding the application of R.C. 2913.71 to the facts of the instant action. Appellant appeared before the trial court on May 21, 2008, and entered a plea of no contest to the charge. The trial court found appellant guilty and ordered her to pay a fine of $200, plus court costs and appointed counsel fees. The trial court sentenced appellant to a term of nonreporting community control until such time as all fines, costs, and fees were paid, but not to exceed five years. The trial court issued a

---

1. The trial court had previously issued a warrant upon indictment on October 13, 2005. The warrant was not returned until December 11, 2007.

judgment entry on the no-contest plea as well as a judgment entry of sentence on May 22, 2008.

{¶ 4} The facts giving rise to appellant's conviction and sentence are as follows. On June 11, 2005 Powell Police Officer Ben Boruchowitz conducted a registration check on a Ford Contour bearing Ohio license plate "DP75VH." The officer discovered that the registration for the vehicle was expired and the registered owner's driving privileges were suspended. Officer Boruchowitz noticed that the license plate displayed a validation sticker that was not expired. As a result, the officer initiated a traffic stop. Officer Boruchowitz subsequently determined that the validation sticker actually belonged to Ohio license plate number "BQ37EL," which had been reported stolen. When questioned, appellant admitted that she knew the validation sticker was stolen, but she denied taking the sticker. Appellant explained that a male acquaintance had placed the validation sticker on her license plate, and she believed he had done so to prevent her from being stopped for having an expired registration.

{¶ 5} It is from this conviction and sentence that appellant appeals, raising as her sole assignment of error:

{¶ 6} "I. Possession of a stolen license plate validation sticker does not support a conviction for felony receiving stolen property."

I

{¶ 7} In her sole assignment of error, appellant asserts that the possession of a stolen license plate validation sticker does not support a conviction for felony receiving stolen property. We agree.

{¶ 8} Appellant was convicted of receiving stolen property, in violation of R.C. 2913.51(A), which provides: "(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

{¶ 9} The offense of receiving stolen property is a misdemeanor of the first degree except if otherwise provided. R.C. 2913.51(C). If the property involved is any of the property listed in R.C. 2913.71, receiving stolen property is a felony of the fifth degree. Central to this case is whether the property involved, to wit: a license plate validation sticker, is the type of property listed in R.C. 2913.71. Included among the items listed in R.C. 2913.71 which elevate the offense to a felony of the fifth degree, are "a motor vehicle identification license plate as prescribed by section 4503.22 of the Revised Code, a temporary license placard or windshield sticker as prescribed by section 4503.182 of the Revised Code, or any comparable license plate, placard, or sticker as prescribed by the applicable law of another state of the United States." R.C. 2913.71(C).

{¶ 10} The issue presented to us is whether a validation sticker is encompassed in the listing of a "license plate."

{¶ 11} Appellant maintains that the above statutes must be strictly construed against the state. R.C. 2901.04 provides that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."

{¶ 12} R.C. 4503.22 defines "license plate," and specifies that a "license plate" shall consist of a placard "made of steel," upon which appears "the name of this state and the slogan 'BIRTHPLACE OF AVIATION.'" Applying a strict construction, we find that a validation sticker does not qualify as a license plate. Further, R.C. 4503.191 contains language requiring a license plate to be accompanied by a validation sticker, thereby differentiating the two.

{¶ 13} The state contends that a validation sticker is an integral part of a license plate and makes the license plate valid for its intended purpose. The state relies upon this court's decision in *State v. Keane* (Jan. 24, 2000), Stark App. No. 1999CA0182, 2000 WL 94015, in support of its position. In *Keane,* the defendant was convicted of violating R.C. 4503.21 for displaying expired license plates. Id. The defendant argued that the statute, which governs the display of license plates and validation stickers, was not intended to charge the offense of "expired plates." Id. This court found that the statute, when read in conjunction with R.C. 4503.19 and 4503.191, revealed the Ohio legislature's intent that the displayed validation sticker be current. Id. In making this finding, we recognized that "the validation sticker is an integral part of the license plate and makes the license plate, otherwise a simple piece of metal, valid for its intended purpose." Id. at *3.

{¶ 14} We find *Keane* to be factually distinguishable. The statute under which the defendant in *Keane* was convicted addressed the display of a validation sticker. Id. This court was not presented with the question of whether a license plate and validation sticker may be treated as one and the same under R.C. 2913.71. A validation sticker is not specifically listed among the items that elevate the crime to a felony of the fifth degree in R.C. 2913.71.

{¶ 15} We are constrained to apply a strict construction to R.C. 2913.51 and 2913.71. We conclude that the Ohio legislature did not include a validation sticker among the items of property that elevate the crime to a felony of the fifth degree; therefore, we hold that a validation sticker for a license plate is not a form of property that elevates an R.C. 2913.51(A) receiving-stolen-property offense from a first-degree misdemeanor to a fifth-degree felony pursuant to R.C. 2913.71(C). Accord, *State v. Seward* (Mar. 31, 1999), Greene App. No. 98CA107, 1999 WL 197972; *State v. Henderson,* Cuyahoga App. No. 87312, 2006-Ohio-5242, 2006 WL 2831023.

{¶ 16} The judgment of the Delaware County Court of Common Pleas is reversed, and the cause is remanded with instructions to modify the judgment of conviction for receiving stolen property to a misdemeanor of the first degree and to resentence appellant accordingly.

Judgment reversed
and cause remanded.

WISE, J., concurs separately.

FARMER, P.J., dissents.

WISE, Judge, concurring separately.

{¶ 17} I concur in the majority opinion and decision. I write separately to reiterate that we ordinarily must presume that the legislature means what it says; we cannot amend statutes to provide what we consider a more logical result. See *State v. Link*, 155 Ohio App.3d 585, 2003-Ohio-6798, 802 N.E.2d 680, ¶ 17, citing *State v. Virasayachack* (2000), 138 Ohio App.3d 570, 741 N.E.2d 943. Under R.C. 2913.71(C), the General Assembly has chosen not to list on-plate validation stickers for Ohio vehicles; only license plates and "temporary license placards or windshield stickers" are set forth. The term "comparable" sticker is used in regard to out-of-state vehicles. This is an anomaly for legislative review rather than correction by the judiciary under these circumstances.

FARMER, Presiding Judge, dissenting.

{¶ 18} I respectfully dissent from the majority's view that the Ohio General Assembly does not consider a "validation sticker" to be a "license plate" for purposes of R.C. 2913.71(C).

{¶ 19} I would find that when the two statutes, R.C. 4503.191 and 4503.22, are read pari materia, the logical conclusion is that a validation sticker is a component of the license plate.

{¶ 20} R.C. 4503.191 states that a license plate shall be issued and shall be accompanied by a validation sticker. A license plate is not a plate without the validation sticker.

{¶ 21} I would find that the matter charged in this case is a felony of the fifth degree. I would affirm the trial court's decision.