[Cite as *Divernuity Properties, L.L.C. v. Stark Cty. Bd. of Revision*, 2012-Ohio-4364.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| DIVERNUITY PROPERTIES, LLC | JUDGES:<br>Hon. Sheila G. Farmer, P. J. |
| Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case No. 2012 CA 00048 |
| STARK COUNTY BOARD OF<br>REVISION, et al. | |
| | O P I N I O N |
| Appellant | |


CHARACTER OF PROCEEDING:          Civil Appeal from the Court of Common
                                 Pleas, Case No.  2011 CV 03173


JUDGMENT:                        Reversed and Remanded


DATE OF JUDGMENT ENTRY:          September 24, 2012


APPEARANCES:

For Appellee                     For Appellant Plain Local Bd. of Ed.

GARY A. CORROTO                  ROBERT M. MORROW
TZANGAS, PLAKAS, MANNOS & RAIES  MEANS, BICHIMER, BURKHOLDER
220 Market Avenue South          & BAKER
Eighth Floor                     1650 Lake Shore Drive, Suite 285
Canton, Ohio  44702              Columbus, Ohio  43204

                                 MARY JO SHANNON SLICK
                                 STARK COUNTY ED. SERVICE CENTER
                                 2100 38th Street, NW
                                 Canton, Ohio  44709-2300

*Wise, J.*

{¶1}   Appellant Plain Local School District Board of Education appeals the decision of the Court of Common Pleas, Stark County, which reversed and vacated a decision by the Stark County Board of Revision regarding the tax year 2011 valuation of a parcel of real property in Plain Township owned by Appellee Divernuity Properties, LLC.[1] The relevant facts leading to this appeal are as follows.

{¶2}   Appellee Divernuity owns a parcel of improved real property, upon which a car wash facility is constructed, located at 2139 Columbus Road NE in Plain Township, Stark County. Divernuity purchased said parcel on January 28, 2011. For the prior year, i.e. 2010, the Stark County Auditor had established a tax valuation for the property of $150,600.00.

{¶3}   On March 30, 2011, Appellant Plain Local School District Board of Education ("Plain Local") filed a written complaint with the Stark County Board of Revision ("BOR") pursuant to R.C. 5715.19 seeking to increase the 2010 taxable value of the Columbus Road parcel in question owned by Appellee Divernuity Properties, LLC ("Divernuity"), due to a January 2011 sale price of said parcel in the amount of $400,000.00. Appellee Divernuity thereafter filed a counter-complaint with the BOR requesting that the value of the real estate remain at its initial assessed market value for tax year 2010.

{¶4}   The BOR conducted a hearing on the issue on August 22, 2011 and issued its decision on September 6, 2011. The BOR therein left the Auditor's value in

---

[1]  Because the status of each party as appellant or appellee has switched at this level of appeal, we will hereinafter utilize abbreviated versions of the actual party names, i.e., "Plain Local" or "Divernuity."

place for tax year 2010, but it proceeded to establish a value of $400,000.00 for 2011, consistent with the reported sale price. *See* Sept. 6, 2011 BOR Decision at 1.

{¶5} On October 4, 2011, twenty-eight days after the BOR decision, Divernuity filed a notice of appeal of the decision with the Stark County Court of Common Pleas. Attached to said notice of appeal were copies of the BOR decision addressing both the 2010 and 2011 tax years. In its notice of appeal, Divernuity asserted that the appeal was made pursuant to R.C. 5717.05 and essentially argued that the "issue of valuation for tax year 2011 was not properly before the Board of Revision." Oct. 4, 2011 Notice of Appeal, at 1-2. Divernuity presented no challenge to the tax year 2010 decision in its R.C. 5717.05 appeal pleading. Plain Local did not file any type of pleading or written response with the common pleas court at that time, although it did file a trial brief on December 21, 2011.

{¶6} On February 3, 2012, the common pleas court issued a judgment entry reversing and vacating the BOR's valuation determination as to tax year 2011. The court determined that the only issue before the BOR was concerning tax year 2010, and that any valuation for 2011 by the BOR would have been premature pursuant to the time guidelines of R.C. 5715.19(A)(1).[2]

{¶7} On March 5, 2012, Appellant Plain Local filed a notice of appeal with this Court. It herein raises the following sole Assignment of Error:

{¶8} "I. THE STARK COUNTY COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR IN ITS FEBRUARY 3, 2012 DECISION AND JUDGMENT ENTRY BY FAILING TO ADDRESS THE VALUATION OF THE PROPERTY IN

---

[2] The issue of the prematurity of the 2011 valuation has not been raised before this Court.

QUESTION FOR TAX YEAR 2010 WHEN THE PROPERTY OWNER INITIATED THE APPEAL UNDER [OHIO REVISED CODE] § 5717.05."

I.

{¶9} In its sole Assignment of Error, Appellant Plain Local argues the trial court committed reversible error in failing to address the valuation of the Divernuity-owned property for tax year 2010 in the R.C. 5717.05 appeal. We agree.

{¶10} R.C. 5717.05 addresses procedures in an appeal from a decision of a county board of revision to a court of common pleas. It states in pertinent part:

{¶11} "As an alternative to the appeal provided for in section 5717.01 of the Revised Code, an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation. The appeal shall be taken by the filing of a notice of appeal with the court and with the board within thirty days after notice of the decision of the board is mailed as provided in section 5715.20 of the Revised Code. The county auditor and all parties to the proceeding before the board, other than the appellant filing the appeal in the court, shall be made appellees, and notice of the appeal shall be served upon them by certified mail unless waived. The prosecuting attorney shall represent the auditor in the appeal.

{¶12} " ***

{¶13} "Within thirty days after notice of appeal to the court has been filed with the county board of revision, the board shall certify to the court a transcript of the record of the proceedings of said board pertaining to the original complaint and all evidence offered in connection with that complaint.

**{¶14}** "The court may hear the appeal on the record and the evidence thus submitted, or it may hear and consider additional evidence. It shall determine the taxable value of the property whose valuation or assessment for taxation by the county board of revision is complained of, or if the complaint and appeal is against a discriminatory valuation, shall determine a valuation that shall correct the discrimination, and the court shall determine the liability of the property for assessment for taxation, if that question is in issue, and shall certify its judgment to the auditor, who shall correct the tax list and duplicate as required by the judgment.

**{¶15}** " *** "

**{¶16}** The Ohio Supreme Court has held: "In reviewing a board of revision's valuation of property, the common pleas court should make its own independent decision but is not required to conduct an independent proceeding. It should reach its own decision without any deference to the administrative finding. However, it should consider the administrative record, giving that record whatever weight the court deems appropriate, even if the court accepts additional evidence." *Park Ridge Co. v. Franklin County Bd. of Revision* (1987), 29 Ohio St.3d 12, 504 N.E.2d 1116, paragraph one of the syllabus. Thus, pursuant to its independent review, the common pleas court is " *** vested with wide discretion to determine the weight of the evidence and [the] credibility of the witnesses." *Security Natl. Bank & Trust Co. v. Springfield City School Dist. Bd. of Edn.* (Sept. 17, 1999), Clark App.No. 98–CA–104, citing *Murray & Co. Marina, Inc. v. Erie Cty. Bd. of Revision* (1997), 123 Ohio App.3d 166, 173, 703 N.E.2d 846, citing *Strongsville Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1997), 77 Ohio St.3d 402, 408, 674 N.E.2d 696. The independent judgment of the trial court is not to be disturbed

absent a showing of abuse of discretion. *RDSOR v. Knox Cty. Auditor,* Knox App.No. 08–CA–23, 2009–Ohio–2310, ¶ 26. However, as a general rule, issues of statutory construction are reviewed de novo by appellate courts. *See Yommer v. Outdoor Enterprises, Inc.* (1998), 126 Ohio App.3d 738, 740, 711 N.E.2d 296, citing *State v. Wemer* (1996), 112 Ohio App.3d 100, 677 N.E.2d 1258.

{¶17} Although both sides in the present appeal have presented a number of well-researched arguments in support of their respective positions, we are persuaded that the sole issue herein can be resolved by reviewing the language of R.C. 5717.05, *supra*. We note that an appeal from the decision of a BOR to a common pleas court, commenced pursuant to R.C. 5717.05, constitutes a special statutory proceeding. *See*, *e.g.*, *Parkbrook Development Corp. v. Cuyahoga County Bd. of Revision*, Cuyahoga App.No. 67033, 1994 WL 614981. It follows that the appeal requirements of R.C. Chapter 5717 must be strictly construed. *See Luther Hills Ltd. v. Lucas County Bd. of Revision*, Lucas App.No. L-99-1325, 2000 WL 543225.

{¶18} The key phrasing of R.C. 5717.05 for purposes of the present appeal is the following legislative mandate: "[The common pleas court] shall determine the taxable value of the property whose valuation or assessment for taxation by the county board of revision *is complained of \*\*\*.*" Plain Local cites this portion of the statute in its brief, followed by its argument that this language, inter alia, vests in the common pleas court the jurisdiction and duty to make a determination as to tax year 2010 even though Divernuity did not appeal to said court the BOR's decision as to tax year 2010. Divernuity responds that the issue of the 2010 tax year valuation of the subject property

was never "complained of" in Divernuity's appeal to the common pleas court; thus, Divernuity maintains, the court had no authority to review tax year 2010.

{¶19} Upon review, we first find the term "complaint" in R.C. 5717.05 is, strictly speaking, used consistently in reference to the original complaint before the BOR, not in reference to a subsequent appeal to the court of common pleas. As such, we are not inclined to judicially substitute the phrase "being appealed" for "complained of." Accordingly, the matter "complained of" in the case sub judice must be read as only the 2010 tax year valuation, which was challenged by Plain Local in its BOR complaint and referenced by Divernuity in its BOR counter-complaint. While Divernuity's subsequent appeal to the common pleas court did focus solely on the 2011 valuation, we observe the General Assembly chose not to limit the common pleas court's review to only those valuations actually referenced in the property owner's R.C. 5717.05 appeal notice, as Divernuity urges in its responsive brief. Furthermore, the General Assembly did not articulate that a party in Plain Local's position would be required to specifically file a cross-appeal or some other type of written response to another party's appeal in the common pleas court within the thirty-day time frame in order to preserve its right to challenge an aspect of a BOR valuation decision. As an appellate court, we ordinarily must presume that the legislature means what it says; we cannot amend statutes to provide what we consider a more logical result. *See State v. Link,* 155 Ohio App.3d 585, 2003-Ohio-6798, 802 N.E.2d 680, ¶ 17, citing *State v. Virasayachack* (2000), 138 Ohio App.3d 570, 741 N.E.2d 943.

{¶20} We additionally note that both sides in the within appeal have cogently discussed the applicability or inapplicability of *Tower City Properties v. Cuyahoga Cty.*

*Bd. of Revision* (1990), 49 Ohio St. 3d 67, to the circumstances of the case sub judice. In that case, the Ohio Supreme Court held, inter alia, that a voluntary dismissal by a property owner under Civ. R. 41 (A)(1)(a) would be inapplicable to an appeal under R.C. 5717.05. We find that although *Tower City* does shed some light on the issues of the case sub judice, the situation in that case is procedurally distinguishable, and the Ohio Supreme Court's holding therein does not impact our present determination either way.

**{¶21}** Appellant Plain Local's sole Assignment of Error is sustained.

**{¶22}** For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Stark County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.

By: Wise, J.

Farmer, P. J., and

Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 0904

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DIVERNUITY PROPERTIES, LLC     :
                                 :

       Appellee                  :
                                   :

-vs-                                    :            JUDGMENT ENTRY
                                   :

STARK COUNTY BOARD OF        :
REVISION, et al.                     :
                                   :

       Appellant                :            Case No. 2012 CA 00048

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

Costs assessed to Appellee Divernuity.

                        _____

                        _____

                        _____

                                   JUDGES