[Cite as *State v. Peirano*, 2016-Ohio-5045.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 16AP-96 |
| v. | : | (C.P.C. No. 15CR-3542) |
| Marianne V. Peirano, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on July 21, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellant. **Argued:** *Michael P. Walton*.

**On brief:** *Scott & Nolder Co., LPA*, and *Steven S. Nolder*, for appellee. **Argued:** *Steven S. Nolder*.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} The State of Ohio is appealing from the dismissal of this case in the trial court. It assigns a single error for our consideration:

THE TRIAL COURT ERRED IN DISMISSING THE INDICTMENT BY GOING BEYOND THE FACE OF THE INDICTMENT AND CONCLUDING THAT DEFENDANT DID NOT COMMIT THE CHARGED OFFENSE.

{¶ 2} Marianne V. Peirano and her husband were going through a contested divorce case. Marianne was the sole owner of 545 Rocky Fork Ct. in Gahanna. While the divorce was pending, she moved in with her parents in Florida. Her husband stayed at what had been the marital residence.

No. 16AP-96

{¶ 3} Apparently, no one paid the mortgage so the property was the subject of a foreclosure action which had proceeded to the point that a sheriff's sale was scheduled.

{¶ 4} Marianne was alleged to have visited the property which was titled in her name. The record before us does not reveal if this was to recover personal property still at the former residence, to check on the status of the property to see if the value had been affected in her absence, or to enter the property for some other purpose.

{¶ 5} For reasons that are not clear, the State of Ohio submitted the situation to a grand jury which returned an indictment for an alleged violation of R.C. 2911.12, which reads:

> (A)  No person, by force, stealth, or deception, shall do any of the following:
>
> (1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense;
>
> (2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense;
>
> (3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense.
>
> (B) No person, by force, stealth, or deception, shall trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.
>
> (C)  As used in this section, "occupied structure" has the same meaning as in section 2909.01 of the Revised Code.
>
> (D) Whoever violates division (A) of this section is guilty of burglary. A violation of division (A)(1) or (2) of this section is

No. 16AP-96

a felony of the second degree. A violation of division (A)(3) of this section is a felony of the third degree.

(E) Whoever violates division (B) of this section is guilty of trespass in a habitation when a person is present or likely to be present, a felony of the fourth degree.

{¶ 6} After the indictment had been served on Marianne, her defense lawyer filed a motion seeking dismissal of the charge. Specifically, her counsel relied on Crim.R. 12(C), which reads:

Pretrial motions. Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:

(1) Defenses and objections based on defects in the institution of the prosecution;

(2) Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding);

(3) Motions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained. Such motions shall be filed in the trial court only.

(4) Requests for discovery under Crim. R. 16;

(5) Requests for severance of charges or defendants under Crim. R. 14.

{¶ 7} The motion specifically argued that as the sole owner of the property, Marianne could not be considered to have trespassed on her own property. The motion included documents in which Marianne's husband acknowledged that she was the sole owner of the property and documents which demonstrate that her husband had not sought to exclude her from entering the property, especially by asking the Domestic Relations Court to grant him exclusive use of the property.

{¶ 8} The judge assigned to the criminal case applied Crim.R. 12(F), which reads:

No. 16AP-96

Ruling on motion. The court may adjudicate a motion based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means.

A motion made pursuant to divisions (C)(1) to (C)(5) of this rule shall be determined before trial. Any other motion made pursuant to division (C) of this rule shall be determined before trial whenever possible. Where the court defers ruling on any motion made by the prosecuting attorney before trial and makes a ruling adverse to the prosecuting attorney after the commencement of trial, and the ruling is appealed pursuant to law with the certification required by division (K) of this rule, the court shall stay the proceedings without discharging the jury or dismissing the charges.

Where factual issues are involved in determining a motion, the court shall state its essential findings on the record.

{¶ 9} The judge ordered the case dismissed.

{¶ 10} The State of Ohio now argues that the trial court judge should have disregarded the part of Crim.R. 12 regarding factual findings. The State of Ohio also questions the part of Crim.R. 12 that requires that many types of motions to dismiss be filed before trial.

{¶ 11} The issue submitted to the trial court was basically an issue of law, namely whether a sole owner of property who had not been the subject of any court order affecting that ownership be considered a trespasser on their own property.

{¶ 12} Criminal trespass is defined in R.C. 2911.21(A). It reads:

(A) No person, without privilege to do so, shall do any of the following:

(1) Knowingly enter or remain on the land or premises of another;

(2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the offender knows the offender is in violation of any such restriction or is reckless in that regard;

(3) Recklessly enter or remain on the land or premises of another, as to which notice against unauthorized access or presence is given by actual communication to the offender, or

in a manner prescribed by law, or by posting in a manner reasonably calculated to come to the attention of potential intruders, or by fencing or other enclosure manifestly designed to restrict access;

(4) Being on the land or premises of another, negligently fail or refuse to leave upon being notified by signage posted in a conspicuous place or otherwise being notified to do so by the owner or occupant, or the agent or servant of either.

{¶ 13} The statute consistently references being on the land or premises of another for a person to be guilty of criminal trespass. If a person cannot be guilty of criminal trespass under the facts of the case, we fail to see how the person could be guilty of the greater offense of burglary as defined in R.C. 2911.12.

{¶ 14} The trial court judge was correct in his ruling on the merits of the motion to dismiss. The judge was also correct to set forth factual basis for his ruling. The trial court reasoned:

> The Defendant was indicted by the Franklin County Grand Jury on July 21, 2015 for allegedly committing one count of Trespass in a Habitation in violation of Ohio Revised Code § 2911.12. According to the Defendant, she married Antonio Peirano on February 14, 2002. There [sic] martial residence was at 545 Rocky Fork Court, Gahanna, Ohio. The Defendant was the sole mortgagor and sole owner as listed on the deed. The Defendant separated from her husband on October 25, 2014. The Defendant and her children moved from the marital residence and lived with her parents in Florida.
>
> On November 21, 2014, Antonio Peirano initiated divorce proceedings in Franklin County, Ohio. In an order on April 1, 2015, the Domestic Relations Court issued the Magistrate's Temporary Order. This Order did not provide any disposition on the occupancy of the property in question in this case.
>
> The Indictment alleges that the Defendant "did by force, stealth or deception trespass in the permanent or temporary habitation of any person located at 545 Rocky Fork Court, Gahanna, OH 43230..." The Defendant contends in her Motion that as the only legal owner of the property and resident of the same, it was not possible for her to trespass. As the titled owner of the property, the Defendant retained a residual right to enter the property in question. The Court has no facts in this matter to contest that the Defendant's decision

> to move from the property was not her decision and hers alone.
>
> * * *
>
> The issue for the Court is whether the Defendant had a responsibility to provide notice or obtain permission from those residing therein before entering. The estranged spouse was not paying the mortgage nor was he renting the property. The Defendant retained her right to enter the property. Therefore, the Defendant's Motion to Dismiss is **SUSTAINED**.

(Feb. 3, 2016 Entry Granting Dismissal at 1-2.)

{¶ 15} Additionally, the State of Ohio waived the procedural process of disposing the case as it failed to raise such objection during the miscellaneous hearing the court held on the matter. In fact, the State actively participated at the hearing and further asked the court for specific findings of fact. Given the adverse legal conclusions rendered by the court, now the State of Ohio objects. After review of the record, this court finds no error, plain or otherwise, with respect to the trial court's legal analysis of the law and thereby dismissal of the case.

{¶ 16} The sole assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

HORTON, J., concurs.
DORRIAN, P.J., dissents.

DORRIAN, P.J., dissenting.

{¶ 17} I respectfully dissent.

{¶ 18} I would find the trial court committed plain error in dismissing the indictment because I believe the reason for dismissal was not "capable of determination without trial of the general issue" pursuant to Crim.R. 12(C). Plain error is an error or defect affecting substantial rights. "The test for plain error is stringent. A party claiming plain error must show that: (1) an error occurred, (2) the error was obvious, and (3) the error affected the outcome of the proceeding." *State v. Simms*, 10th Dist. No. 13AP-299, 2013-Ohio-5142, ¶ 8, citing *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, ¶ 378.

No. 16AP-96

Dismissal of the indictment of this case meets all three criteria that the error occurred, was obvious, and affected the outcome of the proceeding in that no trial on the merits was ultimately held. Furthermore, I think *State v. Link*, 155 Ohio App.3d 585, 2003-Ohio-6798 (5th Dist.), is distinguishable in that the state did not raise the issue before the trial court, but also did not raise the issue on appeal. Therefore, the trial court determined not to further address the procedural issue. In *State v. Certain*, 180 Ohio App.3d 457, 2009-Ohio-148, ¶ 5 (4th Dist.), the trial court determined there was no prejudicial error "in light of the State's active participation in this procedure." It appears that in *Certain*, the trial court held a hearing on the motions and parties stipulated to facts. In the case before us, it does not appear the trial court held a hearing on the motion to dismiss and the state opposed the motion stating the "indictment has clearly stated a chargeable offense." (Jan. 8, 2016 Memo Contra at 4.)